CHARLES MARTIN, Executor of ELIAS NORTON, Respondent, v. JOSIAH CREECH, Appellant.

St. Louis Court of Appeals, May 15, 1894.

1. **Justices' Courts:** DEMURRER TO COMPLAINT. No such thing is known to our practice as a demurrer to a complaint filed before a justice of the peace.

2. **Subscriptions:** COMPLIANCE WITH CONDITIONS. In the enforcement of a voluntary subscription the donee must show a full compliance with its conditions. But *held* that, where the subscription was upon the condition that the donee would in consideration of a stated sum erect and operate a mill, the erection and operation of the mill were the material matters; and that, if these were shown, it was immaterial whether or not the amount stated had been subscribed.

3. ——: ——: INSTRUCTIONS. A subscription required that the donee should build and maintain a first-class mill of a stated capacity and guarantee that it would do first-class work. An instruction in an action for the enforcement of this subscription authorized a recovery, if the donee built and completed the mill and put it in successful operation. *Held*, that the instruction was in accordance with the terms of the stipulation.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*John T. Murphy, Edmond A. B. Garesche,* and *William L. Murfree* for appellant.

*Dunn & Murphy* for respondent.

BIGGS, J.—The defendant subscribed $50 to the following subscription list: "We, the subscribers, agree to pay the amounts set opposite our respective names, upon the following conditions, viz: That, for and in consideration of the sum of $1,200, Mr. Elias Norton, of the town of Troy, and county of Lincoln, and state of Missouri, agrees to build and maintain a first-class fifty-barrel roller flour mill in Troy, and guarantee the same to do first class work. Money to be paid upon the completion and successful operation of the mill; otherwise the contract to be void." The present action is to recover the amount subscribed. There was a judgment for the full amount, and the defendant, having unsuccessfully moved for a new trial, has brought the case here by appeal.

The appellant's printed abstract is absolutely barren of all facts which are necessary to an understanding of the exceptions stated and discussed in the briefs. We are asked to dismiss the appeal on

Martin v. Creech.

that account, but our desire to dispose of all causes on their merits has led us to overlook this violation of the rule. It is something, however, that ought not to be encouraged. The rule is a reasonable one, and its observance greatly assists in the dispatch of business in the appellate courts.

The exception that the court erred in overruling the demurrer to the complaint is not well founded. The action originated before a justice of the peace. There is no such thing known in our practice as a demurrer to a complaint filed before a magistrate. If such a complaint is defective, the remedy is by motion to dismiss, to strike out, or to make the complaint more definite and certain. *Kane v. Dauernheim*, 51 Mo. App. 636. The point will, therefore, be overruled.

The objection that the court erred in refusing to direct a nonsuit, for the reason that the plaintiff's evidence showed affirmatively that only $400 were subscribed towards the building of the mill, must also be overruled. In the enforcement of voluntary subscriptions, the donee must show a full compliance with the conditions of the subscription. Recognizing this rule, which the defendant invokes in support of the exception, we are nevertheless puzzled to understand what manner of difference it made to the defendant whether Norton received, by way of voluntary subscriptions, $1,200 or $400. The important matter to the defendant was the erection of a first-class roller mill of the capacity named. If Norton was willing to undertake, and did accomplish, the improvement for $400, instead of $1,200 as contemplated by the subscription paper, wherein was the defendant prejudiced? Besides, the payment of the money was conditioned on the completion of a mill as specified,

and not on the fact that a bonus amounting to $1,200 should be secured.

The defendant complains of the following instruction given on behalf of the plaintiff: "The court instructs the jury that this is a suit founded upon a subscription, made by the defendant, in consideration that plaintiff would build and maintain a first-class fifty-barrel roller flour mill in the town of Troy, Lincoln county, state of Missouri; and if the jury believe from the evidence in the case that the defendant, Josiah Creech, in the year 1889, signed said subscription and placed $50 opposite his name on the same, and that the plaintiff, Elias Norton, built and completed said mill, and put said mill in successful operation, then the jury will find for the plaintiff the sum of fifty dollars with six per cent. interest from the time demand was made upon defendant by plaintiff for said subscription, unless prevented by a failing of facts under other instructions."

Objection is made to this instruction in that it does not predicate the plaintiff's right of recovery on a full compliance with the conditions and terms of the subscription paper. The subscription paper provided that Norton should "build and maintain a first-class fifty-barrel roller flour mill * * * and guarantee the same to do *first-class work*." The instruction required the jury to find that Norton "built and put in successful operation" a mill of the class and capacity specified. We think that the instruction as framed was broad enough to cover the entire issue. In order to be a first-class mill it would have to do first-class work; therefore, when the jury found that Norton built a first-class fifty-barrel roller flour mill they necessarily found that the mill did first-class work. If Norton put the mill "in successful operation," that satisfied the other condition of the contract, that is, that he would "maintain" the mill. The contract will admit of no other interpre-

tation.    If this is not adopted, what would be the test? Must he have operated it for a definite time, and, if so, for what time?    Would one month, two months or twelve months be required?    The difficulty and uncertainty arising from such a construction is obvious. The evidence tended to prove that Norton operated the mill for about two months.    Whether that under the circumstances of the case amounted to a successful operation of the mill was for the jury to decide.

The subscription paper was circulated by Louis C. Wright.    There was some evidence tending to prove that Norton repudiated the action of Wright, and disclaimed any interest in the subscription.    On that branch of the case the court instructed the jury in effect that Wright in soliciting the subscription must be presumed to have acted for Norton.    The defendant contends that the question of Wright's agency was for the jury.    This is an erroneous view.    The defendant admitted that he signed the paper.    Norton was mentioned therein as a beneficiary.    That Wright in soliciting the subscription acted in the interest of Norton was a conclusion of law, based on the terms of the writing.    Whether Norton accepted the subscription, and acted on the faith of it in making the improvement presents a very different question.    There was substantial evidence tending to show both facts, which were submitted to the jury under proper instructions.

There are some errors in the other instructions, but they are against the plaintiff.    With the concurrence of the other judges the judgment of the circuit court will be affirmed.    So ordered.