## KEYES & WATKINS LIVERY CO., Respondent v. FREBER, Appellant.

### St. Louis Court of Appeals, November 3, 1903.

1. **Contracts: PLEADING: FILING INSTRUMENT SUED ON: WAIVER.** It is not essential to confer jurisdiction on the justice that the written contract sued on be filed before summons is issued. That omission is cured by filing it after suit is commenced, or in the circuit court after appeal, or by defendant entering his appearance.

2. **————: BREACH: DEFENSE.** Where defendant contracted to remove all the manure that may accumulate in plaintiff's stable and nothing is said about any foreign mixture, defendant can not complain that plaintiff changed the character of bedding used whereby the manure was rendered less valuable.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*James M. Southerland* for appellant.

(1) The motion presented by the appellant to dismiss on the ground that the written contract was never filed with the justice, should have been sustained. Sec. 3852, R. S. 1899; sec. 3853, R. S. 1899; Buzzard & Hape-

man, 61 Mo. App. 464; Olin v. Zeigler, 46 Mo. App. 193; Phoenix Ins. Co. v. Foster, 56 Mo. App. 197. (2) The court erred in sustaining objection to evidence offered by defendant to explain the subject-matter of the contract. Long v. Long, 44 Mo. App. 141; Greening v. Steele, 122 Mo. 294; Brown v. Bower, 90 Mo. 190; Black River, etc., v. Warner, 93 Mo. 381; Edward v. Smith, 63 Mo. 419; Bunce v. Beck, 43 Mo. 266; Moss v. Green, 41 Mo. 390; Halliday & Co. v. Lesch, 85 Mo. App. 285; Skinker v. Haagsma, 99 Mo. 208; Walsh v. Edmisson, 46 Mo. App. 282.

*Collins & Chappell* for respondent.

(1) The court below committed no error in overruling defendant's motion to dismiss, said motion being based upon the alleged ground that the contract between plaintiff and defendant was not filed with the justice of the peace. R. S. 1899, secs. 3852 and 3853; Sublett v. Nolan, 5 Mo. 516; Boatman v. Curry, 25 Mo. 433; Schenck v. Stumpf, 6 Mo. App. 381; Kliebold v. Grober, 6 Mo. App. 573; Lord v. Koenig, 7 Mo. App. 453; St. L. Trust Co. v. Amer. R. E. & Inv. Co., 82 Mo. App. 260; Crenshaw v. Ins. Co., 71 Mo. App. 42; R. S. 1899, sec. 4071; Brown v. Bowen, 90 Mo. 184; Bigelow on Estoppel, 562. (2) The fact that plaintiff changed the character of the manure, which was the subject-matter of the contract, affords the defendant no defense for having abandoned the contract. Wright v. Fullerton, 60 Mo. App. 451; Price v. Van Stone, 40 Mo. App. 207; Fruin v. Railroad, 89 Mo. 397; Whittemore v. Sills, 76 Mo. App. 248; 7 Am. and Eng. Ency. of Law (2 Ed.), 114; 2 Am. and Eng. Ency. of Law (2 Ed.), 287; Carter v. Holman, 60 Mo. 504; Wolfort v. Railroad, 44 Mo. App. 330; Emory v. Joice, 70 Mo. 537; Eckerle v. Chouteau, 99 Mo. 635; Ellis v. Harris, 104 Mo. 270; Weil v. Schwartz, 21 Mo. App. 372.

STATEMENT.

The suit was commenced before a justice of the peace to recover damages for a breach of the following contract duly executed by plaintiffs and defendant, to-wit:

"This contract entered into this second day of October, 1899, by and between the Keyes & Watkins Livery Company, party of the first part, and George Freber, party of the second part, witnesseth: That the said party of the second part hereby agrees to remove from the stables of the said party of the first part, on the northwest corner of Bell avenue and Grand, in the city of St. Louis, Missouri, all the manure, that may accumulate there every day (Sunday hauling excepted) for the term of one year, from October 2, 1899, to October 2, 1900, for the sum of seventy-five dollars, to be paid him by said party of the first part, on the second day of October, 1900. It is further agreed, that should the said party of the second part at any time during the period above mentioned, refuse or neglect to remove the manure as above mentioned, this contract may, at the option of the said party of the first part, be declared null and void, and the said party of the second part shall forfeit any claim which he may have against the said party of the first part, under this contract, and shall pay to the said party of the first part the sum of fifty dollars for non-fulfillment of this contract. It is also agreed that should the said party of the first part at any time during the term above mentioned, refuse to allow the said party of the second part to remove the manure, as above mentioned, or dispose of any part thereof to any other party, without the written consent of the said party of the second part, said party of the first part shall pay to the said party of the second part the full sum of seventy-five dollars, as above stipulated in this contract, and shall become null and void."

The plaintiffs did not file the contract before the

justice, but set it out in full in their complaint.    Defendant filed a counterclaim.    A trial before the justice resulted in a judgment for the defendant.    Plaintiffs appealed to the circuit court, where the cause was tried anew by the judge sitting as a jury, and plaintiffs recovered judgment for $50.    Defendant duly appealed to this court.

On the trial the evidence showed that defendant faithfully performed the contract until about the twenty-fifth of February, 1900.    That thereafter he failed and refused to remove any manure from the plaintiff's stable.    On the trial defendant offered to prove that he was a gardener and used a certain kind or character of manure, to-wit, horse manure mixed with shavings or sawdust; that when he entered into the contract he saw by inspecting plaintiffs' stable they were accumulating this character of manure at their stables and for this reason he entered into the contract; that afterwards, in February, 1900, plaintiffs changed the bedding for their horses, using straw instead of shavings or sawdust; that he could not use manure mixed with straw without first making it into compost, and for this reason he stopped the hauling.    The court excluded this evidence, to which ruling defendant excepted.

BLAND, P. J. (after stating the facts as above).—
1. For a reversal of the judgment defendant makes two contentions.    The first is that the justice acquired no jurisdiction of the subject-matter of the suit for the reason the contract sued on was not filed with him.    The statute in respect to this matter is, in substance, that where the demand is founded upon a written instrument executed by the other party, it shall be filed with the justice before summons is issued.    Our Code of Civil Procedure requires a plaintiff or defendant, when his claim or counterclaim is founded on a written instrument executed by the other party, to file the instrument with the pleading.    The object of these statutes is to

require the party relying upon the written instrument to establish his demand, to make profert of the written instrument contemporaneous with the filing of the demand. And while, when filed in a justice's court, it serves as a complaint and is a profert of the instrument, it has never been held that the filing of it is essential to confer jurisdiction on the justice, but that the omission is cured by filing it after the suit has been commenced, or if the cause is appealed by filing it in the circuit court, or by the defendant entering his general appearance. Boatman v. Curry, 25 Mo. 433; Ins. Co. v. Beckmann, 47 Mo. l. c. 89; Schenck v. Stumpf, 6 Mo. App. 381; Kleiboldt v. Grober, 6 Mo. App. 574; Trust Co. v. Real Est. & Inv. Co., 82 Mo. App. 260.

2. The second contention is that the court erred in rejecting defendant's evidence in respect to the changed condition of the manure, etc. The manure was the subject-matter of the contract. It is described in the contract as "all manure that may accumulate there [at plaintiff's stable] every day." Nothing is said about any foreign mixture, but it is a matter of common knowledge that manure accumulated in stables does become mixed with the material used to bed the animals and the mixture is universally denominated manure. The word has no technical meaning, nor has it acquired a commercial one differing from its ordinary one. Manure is a common article, well known to all mankind, and hence an ambiguity can not arise from the use of the term. If the manure was valuable to defendant with the mixture as he saw it, but would be of less value or of no value to him if mixed with straw, then as a prudent man he should have provided in the contract that it should not be mixed with straw. He can not appeal to the courts to add a proviso or stipulation to his contract which he had in mind when he entered into it, but failed to have incorporated in it. Parties must be left free to make their own contracts; when they have done so and they are found valid, the courts will enforce them as

they find them without adding to or subtracting therefrom a contention of either party not found in the contract as written.

The judgment is affirmed. *Reyburn* and *Goode,* *JJ.,* concur.