WILLIAM WENDLETON, Agent, Defendant in Error, v. W. T. KINGERY, Plaintiff in Error.

Kansas City Court of Appeals, December 19, 1904.

1. **APPELLATE PRACTICE: Bill of Exceptions: Record Proper.**
Where there is no bill of exceptions filed in the time required by the order of the trial court, the appellate court can not consider the merits of controversies arising during the trial and must confine its review to the record proper.

2. **PLEADING: Action: Capacity to Sue: Repeal of Statute.** An officer whose right to sue is statutory has no capacity to maintain such suit after the repeal of the statute creating his office.

3. **———: Capacity to Sue: Demurrer: Waiver: Justices' Courts.**
A failure to demur in the trial court on the ground that the plaintiff has no capacity to sue waives such objection, but this rule has no application to proceedings in the justices' courts, and, on appeal to the circuit court the rules of practice of the latter govern the proceedings but not its rules of pleading.

Error to Morgan Circuit Court.—*Hon. James E. Hazell*, Judge.

REVERSED.

*John F. Gibbs* for plaintiff in error.

(1) Defendant in error can not maintain this action as agent of the probate court of Morgan county, for the reason that probate courts are of limited jurisdiction, their powers being conferred solely by statute. Ford Admr. v. Talmage, 36 Mo. App. 65; Butler v. Lawson, 72 Mo. 227. (2) Although the probate court had the authority under the provisions of section 257, chap. 1, art. 11, R. S. 1889, to appoint such agent, the Legislature by the provisions of the act approved May 11, 1899, (see Session Acts of 1899, page 41) repealed the law conferring such jurisdiction on the probate court, which repeal was without saving clause and divested

the court of jurisdiction; for "If a law conferring
jurisdiction is repealed—without saving clause, the
right to exercise jurisdiction is lost." 23 Am. and Eng.
Ency. of Law (1 Ed.), p. 506; Holcomb et al. v. Boyn-
ton, 37 N. E. 1031.

*D. E. Wray* and *W. T. S. Agee* for defendant in
error.

(1). The abstract of the record filed by plaintiff in
error does not show a record entry or order filing the
bill of exceptions. Goodson & Wright v. Bevan, 89 Mo.
App. 162; Lucas v. Huff, 92 Mo. App. 369; Allen v.
Funk, 85 Mo. App. 460; Burdick v. Life Assn., 86 Mo.
App. 94. (2) The objection of plaintiff in error to the
right of defendant in error to maintain his suit is such
an objection as must have been raised by demurrer and
comes too late in this court. Taber v. Wilson, 34 Mo.
App. 89; Spillane v. Railroad, 111 Mo. 555.

BROADDUS, J.—At the May term, 1891, of the
probate court of Morgan county the plaintiff—defend-
ant in error—was appointed agent to take charge of
several acres of land belonging to the estate of Charles
Fitzgerald, deceased. His appointment was made un-
der authority conferred upon probate courts by sec-
tion 257, Revised Statutes 1889. During the year 1898
the defendant—plaintiff in error—came into posses-
sion of said land. On the 9th day of December, 1902,
while defendant was in such possession, plaintiff com-
menced this suit for the rent thereof. The plaintiff re-
covered judgment and the defendant sued out this writ
of error. By an act approved May 11, 1899, said sec-
tion 257 was repealed.

The statement on which the cause was tried, omit-
ting the caption, is as follows: "Plaintiff states that by
order of the probate court duly entered, he was ap-
pointed agent of the estate of Charles Fitzgerald, de-

ceased, to take charge of and rent certain lands belonging to said estate; that in obedience to said order he took charge of said lands and rented same; that in the fall of the year 1898 he sold the rent crop grown on said premises that year to the defendant, at and for the price and sum of seventeen dollars; that at said date he rented to said defendant said lands belonging to said estate as aforesaid at the price of seventeen dollars per year; that said defendant occupied said land under said contract of rental for a period of four years; that the rent of said lands and premises for the period aforesaid amounts to the sum of sixty-eight dollars," etc.

As the defendant—plaintiff in error—has not in his abstract set out any order of the court showing that a bill of exceptions has been filed within the time prescribed by the court's order, or any statement to that effect, we can not enter into the merits of the controversy arising during the trial. We can therefore consider only such errors as may be shown by the record proper.

It appears from the face of the petition that plaintiff had no right to sue as his office as agent ceased when the office itself was abolished by the act of 1899 repealing said section 257 under which he was appointed. The point is made by defendant in error that it is too late to raise the question as to his capacity to sue. Section 598 of the code in specifying upon what grounds the defendant may demur has the following: "that the plaintiff has not the legal capacity to sue." It has often been decided that in such cases a failure to demur waives the objection. [Spillane v. Railroad, 111 Mo. 555, and cases cited.]

But as this case was instituted in a justice's court said section of the code has no application. The rules governing pleadings in justices' courts do not provide for a demurrer. When a case is appealed to the circuit court the rules of practice in the latter shall gov-

ern but not its rules of pleading. [Section 4080, Revised Statutes 1899.]

The record proper shows that the plaintiff has no legal capacity to sue, for which reason the cause is reversed. All concur.