WIDMAN, Respondent, v. AMERICAN CENTRAL IN-SURANCE COMPANY, Appellant.

St. Louis Court of Appeals, November 28, 1905.

1. **APPELLATE PRACTICE:** Exceptions: Timely Motions. Where motions for new trial and in arrest of judgment have been filed out of time, the appellate court will not review the exceptions taken at the trial.

2. ———: Record Proper: Appeal Bond. Whether a summary judgment rendered against sureties on an appeal bond by the circuit court is in violation of the Constitution cannot be reviewed when raised only in a motion for new trial filed out of time; such matter is no part of the record proper.

3. **JUSTICES OF THE PEACE:** Failure to File Instrument Sued on. In a statement of a cause of action before a justice of the peace, upon an insurance policy, an averment that the failure to file the policy is due to the fact that it is in the defendant's possession, states a sufficient ground for failure to file it.

4. ———: ———: Jurisdiction. A failure to file an instrument which is the foundation of an action brought before a justice of the peace is not fatal to the jurisdiction so as to render judgment thereon void.

5. ———: Statement: Cause of Action. Where a fair construction of the averments in a statement of a cause of action filed before a justice of the peace permits the inference that a fact necessary to recovery existed, a petition will support a judgment though there is no direct allegation of that fact.

6. ———: ———: ———: Insurance Policy. A statement of a cause of action before a justice of the peace upon an insurance policy is not bad so as to render the judgment rendered thereon void for failure to aver that the liability occurred two months before the suit was brought as required by section 8005, Revised Statutes, 1899, where the averment is that the fire occurred on July 30th, and the action was begun on November 14th, and no precedent conditions were shown to be necessary before plaintiff could sue; it thus appears prima facie from the allegations that the liability accrued more than sixty days before the action was begun.

Apeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Chas. S. Reber* for respondent.

*Barclay, Shields & Fauntleroy* for appellants.

(1) The justice of the peace and the circuit court on appeal had no jurisdiction over the subject-matter of this cause. (a) The suit is "founded" on a written instrument, a policy of insurance, and it is required by law to be filed or proof given that it is "lost or destroyed." R. S. 1899, secs. 3852-3855; Western Ass'n Co. v. McCarty, 48 N. E. 265; Wilkinson v. Ins. Co., 63 Mo. App. 407; Ins. Co. v. Walser, 22 Ind. 81; Price v. Ins. Co., 58 Mo. App. 554. (b) No jurisdiction is conferred on justice's courts to proceed in a case where the instrument on which the suit is founded is not filed and is not "lost or destroyed." The jurisdiction in such cases belongs only to the circuit court, as the general depositary of all original jurisdiction. Constitution, art. 6, sec. 22; Ins. Co. v. Foster, 56 Mo. App. 197; Olin v. Zeigler, 46 Mo. App. 193; McHoney v. Ins. Co., 37 Mo. App. 218; Levy v. Shurman, 6 Ark. 182; Everett v. Clements, 9 Ark. 478. Where jurisdiction of the justice over the subject-matter of a case is wanting, the circuit court acquires none by an appeal. Miller v. Ins. Co., 68 Mo. App. 19; Johnson v. Stephens, 107 Mo. App. 629, 82 S. W. 192. (2) The statement before the justice is fatally bad and deficient. It merely states a balance due, and not the facts showing how it came to be due. Nutter v. Houston, 32 Mo. App. 451. It omits any allegation of a consideration for the policy on which to base a contractual obligation. 4 Ency. Pl. and Pr., pp. 928, 929, and many cases cited. It omits to aver the term of insurance to show that the loss occurred while the insurance was in force. Shaver v. Ins. Co., 79 Mo. App.

420. It fails to aver or show directly or inferentially, that the amount claimed had been due for "two months," which is essential to a recovery on a policy. R. S. 1899, sec. 8005; Taylor v. Temp. Union, 94 Mo. 42, 6 S. W. 71; Wright v. Ins. Co., 73 Mo. App. 366; Ins. Co. v. Hall, 41 Pac. 69; Carberry v. Ins. Co., 51 Wis. 605; The objection for a total insufficiency of the statement is available on appeal whether raised in the trial court or not. Lilly v. Menke, 126 Mo. 190; Davis v. Jacksonville Line, 126 Mo. 69, 28 S. W. 965; Land Co. v. Bretz, 125 Mo. 418, 28 S. W. 656. Here, however, the objection was raised in the trial court by various motions. (3) The entry of judgment in the circuit court against sureties on an appeal bond, given after judgment by a justice of the peace, is the exercise of original and not of appellate jurisdiction. Appellate jurisdiction is solely revisory. Story, Const. Law, sec. 1761; Ex parte Henderson, 6 Fla. 280; Dodds v. Duncan, 12 Lea 734; Marbury v. Madison, 1 Cranch, 175; Tierney v. Dodge, 9 Minn. 166; Lane v. Charless, 5 Mo. 285. (4) The judgment absolute against Messrs. Cram & Rorick, the sureties (under sec. 4081), contrary to the contract in their appeal bond, is a violation of their constitutional rights to due process of law, "freedom of contract," and to the equal protection of the law, as secured and guaranteed by the Federal and State Constitutions. Lachner v. New York, 198 U. S. 45; State v. Loomis, 115 Mo. 307, 22 S. W. 350.

GOODE, J.—This case was instituted before a justice of the peace on the following statement:
"Otto Widman, Plaintiff,

    v.

"American Central Insurance Company, Defendant.

"Before James J. Spaulding, Esq., justice of the peace for the fifth district, city of St. Louis.

"American Central Insurance Company to Otto Widman, Dr.,

"To balance due under Policy 1161408 issued by defendant on July 15, 1901, on plaintiff's dwelling-house at Webster Groves, Missouri, on account of the total destruction of said building by fire on July 30, 1902 .......... .... ....... .......... $166.67

"Amount due on account of defendant's wrongful cancellation of its insurance on plaintiff's stable, situated at said place.... 5.00

"Total due .................$171.67

"The policy on said dwelling is not produced and filed with this statement, because it is now in defendant's possession.

"CHARLES S. REBER,
"Attorney for Plaintiff."

The appearance of the defendant was entered and service of summons waived. Judgment went in favor of the plaintiff before the justice and defendant appealed to the circuit court where the case was tried anew. An appeal bond was given to carry the case from the justice to the circuit court. George T. Cram and David Rorick were the sureties on the bond. There was a trial in the circuit court resulting in a judgment, December 14, 1904, in favor of the plaintiff for $186.67. The judgment went against the defendant, the American Central Insurance Company, and its two sureties on the appeal bond. The defendant appealed to this court and so did the sureties. The insurance company filed motions for new trial and in arrest December 20, 1904, or six days after the rendition of judgment. The sureties Cram and Rorick, filed motions to set aside the judgment as to them January 5, 1905. On January 6, 1905, the defendant filed two motions for new trial and also two motions in arrest of judgment. Defendant likewise, on January 7, 1905, filed a motion to set aside the judgment for irregularity. These motions were overruled January 18. 1905. The appeal was allowed

January 20th, that being one of the days of the regular December term of the circuit court.

1. The state of the record precludes an examination of the exceptions taken below. The motions for new trial and in arrest having been filed out of time, the judgment must be affirmed unless there is error in the record proper. In their motion for new trial the sureties on the appeal bond assign as ground for setting aside the judgment against them, that rendering judgment summarily against the sureties on an appeal bond violates article 6, section 22 of the Constitution of the State of Missouri; that any statute authorizing such a judgment is in conflict with said constitutional provision. This point, as far as we are advised, was raised only in the motion for a new trial. The motion was overruled and an exception saved. But this matter is no part of the record proper, and cannot be noticed because the motion was filed too late. Of course, if the constitutional point had been raised properly, we would have no jurisdiction. As it was asserted first in a motion filed after the time allowed by statute, in our opinion it is not in the case.

It is contended that the justice's court was without jurisdiction of the cause because the policy sued on was not filed with it and that, therefore, the circuit court acquired no jurisdiction by the appeal. Plaintiff's statement avers that the omission to file the policy was due to the fact that the defendant had possession of it, and this ought to be a good excuse for not filing it. [Bank v. Hoeber, 8 Mo. App. 171.] The statute should be given a reasonable effect and such as will attain the object for which it was enacted. [Workman v. Campbell, 46 Mo. 309.] It was a good excuse at common law for not making profert of a deed that the opposite party had possession of it. [2 Chitty, Pl. 197.] If the averment regarding the possession of the policy was true, the defendant had access to the policy to learn its contents, which is the purpose of requiring an instrument

sued on to be filed. But it never has been the doctrine of this court or of the Supreme Court, that failure to file an instrument which is the foundation of an action brought before a justice, so wholly deprives the justice of jurisdiction that any judgment rendered in a cause will be void. It is ground for a motion to dismiss, if such a motion is made; but the instrument may be filed before the jury is sworn or the trial begun. [R. S. 1899, sec. 3853; Sublett v. Noland, 5 Mo. 516; Boatman v. Curry, 25 Mo. 433; Hope, etc., Ins. Co. v. Backman, 47 Mo. 93; Schenk v. Stumpf, 6 Mo. App. 381; Kleiboldt v. Grober, 6 Mo. App. 574; Keyes-Watkins Livery Co. v. Freber, 102 Mo. App. 315, 76 S. W. 698.] In order for the non-filing of the policy with the justice to be reversible error on the present appeal, wherein we can look only to the record proper, it must be absolutely fatal to jurisdiction, which we think is not the law.

3. It is said the statement before the justice was insufficient to constitute a cause of action. The statement advised the defendant of the nature of plaintiff's demand and furnished a sufficient basis for the plea of former adjudication. Ordinarily that is enough in a cause before a justice of the peace. [Wees v. Brown, 102 Mo. 299, 14 S. W. 945.] (a) But it is said the statement is deficient in not stating the policy was in force when the fire occurred, or the consideration for the risk, or that the liability of the defendant accrued two months before suit was brought. The statement says there is a balance due under the policy and gives the number of the policy, its date of issuance and the date when the fire occurred. The natural intendments from those averments is that the policy was in force when the loss occurred. In Butts v. Phelps, 90 Mo. 670, 3 S. W. 218, an action for damages sustained in consequence of the non-observance of instructions by the defendant to whom a draft had been intrusted for collection, it was held that the averment of the delivery of the draft on the drawers to the defendant for collection,

imported an indebtedness on the part of the drawers to the plaintiff. When a fair construction of the averments in a petition permits the inference that a fact necessary to recovery existed, the petition will support the judgment though it contains no direct allegation of the fact. [See citations in Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.] (b) Neither do we regard it as fatal after verdict that the consideration for the policy was not given. [Smith's Admr. v. Monks, 55 Mo. 106.] (c) The point that the liability was not averred to have accrued two months before the suit was brought, has reference to section 8005 of the Revised Statutes of 1899. That statutory provision came into force in 1869 and probably refers only to actions by a member or stockholder of an insurance company against the company, and to actions against companies incorporated under the laws of this State. We do not know whether the defendant is incorporated under the laws of Missouri, nor do we know that plaintiff was a stockholder or member of the company. But it is unnecessary to interpret the statute invoked; for it has no bearing on the present case. The destruction of the building by fire is stated to have occurred July 30, 1902, and this action was begun before the justice November 14, 1902; or more than sixty days after the fire. Now the contents of the policy are not before us to show any conditions precedent which the plaintiff was bound to perform before suing; such as furnishing proofs of loss, etc. Therefore it appears prima facie that the liability accrued more than sixty days before the action was begun.

We think there is no merit in this appeal and affirm the judgment. All concur.