GRONEWEG & SCHMOENTGEN CO., Appellant, v.
SAM ESTES, Respondent.

St. Louis Court of Appeals, May 25, 1909.

1. PLEADING: Demurrer: Justices of the Peace.   A demurrer
will not lie to a statement originally filed before a justice of
the peace.

2. —————: Foreign Corporation: Non-Compliance with Statute.
Foreign corporations when suing in the courts of this State
need not allege compliance with the laws of this State, non-
compliance being a matter of affirmative defense.

3. FOREIGN  CORPORATIONS: Compliance  with  Statutes:
Standing in Court.   Foreign . corporations when not doing
business in this State need not comply with the Missouri stat-
utes as a prerequisite to suing in the courts of this State.

Appeal from the Christian Circuit Court.—*Hon. John
T. Moore*, Judge.

REVERSED AND REMANDED.

*Oscar B. Elam* for appellant.

This case originated before a justice of the peace
and for that reason a demurrer is never allowable in
it at any stage of the proceedings either before the jus-
tice or in an appellate court.   Wendleton v. Kingrey,
110 Mo. App. 69; R. S. 1899, sec. 591; Lumber Co. v.
Schuler & Muench, 59 Mo. App. 97; Martin v. Creech,
58 Mo. App. 393; Kane v. Dauernheim, 51 Mo. App.
636.    Compliance with the laws of the State will be
presumed and failure to comply is purely a matter of
defense.   Shoe Machinery Co. v. Ramlose, 210 Mo. 649;
Insurance Co. v. Smith, 73 Mo. 368; Insurance Co. v.
Stone, 42 Mo. App. 383; State to use v. Hudson, 86
Mo. App. 513; Parlin & Orendorff v. Boatman, 84 Mo.
App. 73 and other authorities.   As was well said in
Buggy Co. v. Priebe, 123 Mo. App. 521.

*W. P. Sullivan* for respondent.

GOODE, J.—Plaintiff filed a statement before a justice of the peace, averring it was a corporation doing business under the laws of the State of Iowa, and a resident of Council Bluffs in said State; that defendant, a resident of Christian county, Missouri, on August 8, 1905, sold plaintiff three hundred cases of tomatoes, undertaking and agreeing to deliver them on board cars at Billings, Missouri, for the price of seventy-five cents per dozen cans, less one and one-half per cent of the invoice price, payable on arrival and inspection of the goods; that plaintiff at all times thereafter demanded delivery of the goods, but defendant refused to deliver the same, to plaintiff's damage in the sum of $250, for which sum it prayed judgment. Defendant filed what he called a demurrer to the petition, wherein he set forth it did not state facts sufficient to constitute a cause of action, because the petition showed plaintiff was a corporation organized under the laws of Iowa, was a foreign corporation, did not state plaintiff had complied with the laws of this State relating to foreign corporations, and because it affirmatively appeared plaintiff had no right to maintain and commence a suit in the courts of this State. Whether this demurrer was filed in the circuit court or before the justice, does not appear, but the former court sustained the demurrer, and adjudged plaintiff take nothing by its suit and defendant go hence without day. This appeal was taken. Demurrers to statements in cases originating before a justice of the peace, are not contemplated by the statutes. [Martin v. Creech, 58 Mo. App. 391; Lumber Co. v. Shuler, 59 Mo. App. 90; Wendleton v. Kingery, 110 Mo. App. 67.] But if a demurrer would lie to such a pleading, it would not lie to the present statement, because it shows a cause of action. All foreign corporations are not required to comply with the Missouri statutes as a condition on which they may

State ex rel. v. Mitchell.

sue in the courts of the State. It is only such foreign corporations as are doing business in this State, and there is nothing on the face of the statement to show plaintiff is, within the meaning of the statutes. [R. S. 1899, sec. 1026.] Moreover, a foreign corporation, when suing, need not allege compliance with the laws of the State, non-compliance being matter of defense. [United Shoe Machinery Co. v. Ramlose, 210 Mo. 631, 649; Parlin & Orendorff Co. v. Boatman, 84 Mo. App. 67.]

The judgment is reversed and the cause remanded. All concur.