C. G. CONN COMPANY, Plaintiff in Error, v. CHARLES C. ORR et al., Defendants in Error.

Springfield Court of Appeals, November 10, 1910.

1. APPEAL AND ERROR: Exceptions: Review of Rulings Against Non-Appealing Party. Defendants filed a motion to strike out the amended petition, which motion was overruled. Defendants then filed a demurrer to the petition and the demurrer was sustained. Plaintiff appealed, but defendants saved no exceptions to the action of the court in overruling its motion to strike out, neither did they appeal. *Held,* that the action of the trial court on the motion was not before the appellate court for review.

2. JUSTICES' COURTS: Practice: Pleading: Appeal to Circuit Court. On appeal from a justice's court to the circuit court, where an amended statement is filed in the circuit court, the defendant is not required to answer or demur, but without any written plea is entitled to make any defense that was open to him in the justice's court.

3. ———: ———: ———: ———: Demurrer. It has been held many times in this state that a demurrer is not known in pleadings before a justice of the peace, and that a demurrer is not the proper manner to test the sufficiency of the pleadings in a case originating before a justice of the peace.

4. ———: ———: ———: ———: Sufficiency of Statement. In cases appealed from a justice's court to the circuit court, the sufficiency of the amended statement filed in the circuit court is to be determined by the requirements of the law as to the statement filed in the justice's court.

150 App.—45

5. ——: ——: ——: **Filing Instrument Sued on.** In suits commenced before a justice of the peace, the law requires, when plaintiff's case is based on an instrument executed by the other party, that the same shall be filed and no other pleading shall be required. When a statement is filed with the instrument the latter is the basis of the action and the statement is ignored.

6. **PLEADING: Filing Instrument Sued On: Waiver: Justices' Courts.** In a case appealed from a justice of the peace, defendant complained that "the statement does not allege that the copy filed with the amended statement is verified as required by section 1844, R. S. 1909." *Held*, that this section has no application to pleadings in cases originating before a justice of the peace, and *held* further that by objecting to the sufficiency of the copy and not for failure to file the original the defendant waived the filing of the original.

7. ——: **Failure to File Instrument: Motion to Dismiss: Demurrer.** In a suit before a justice's court, or when the case has been appealed to the circuit court. the latter court has the authority to require the instrument sued on, when it had been executed by the other party. to be filed and to dismiss the suit for failure to file the instrument. In such case a failure to file the instrument . without showing valid excuse may be reached by motion to dismiss, or a motion to require the instrument to be filed, but a demurrer is not the proper pleading.

8. ——: **Conditional Sale Contract: Refunding Money.** In a suit on a conditional sale contract where plaintiff does not take possession of the goods, section 2890, Revised Statutes 1909, does not apply and it is not necessary to allege in the statement that any part of the money had been refunded.

Writ of Error from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED AND REMANDED.

*Thos. J. Roney* for plaintiff in error.

The petition of plaintiff states facts sufficient to constitute a cause of action. Jewelry Co. v. Bertig, 81 Mo. App. 393; Railroad v. Smith, 27 Mo. App. 371; Osborne & Co. v. Lawson, 26 Mo. App. 549; Ham v. Hill, 29 Mo. 275; Hax & Bro. v. Hax, 84 Mo. App.

306; Hicks v. Hoos, 44 Mo. App. 571; Bank v. Leyser, 116 Mo. 51; Rowsey v. Lynch, 61 Mo. 560; Fontaine v. Lumber Co., 109 Mo. 55; Meyer v. Lowell, 44 Mo. 328.

*M. R. Lively* for defendants in error.

GRAY, J.—This case originated before a justice of the peace in Jasper county, and an appeal was taken to the circuit court. When the case reached the circuit court, the plaintiff filed an amended petition, and the defendants filed a motion to strike the same from the files. The court overruled the motion, and the defendants then filed a demurrer, challenging the sufficiency of the petition on three grounds, but it will only be necessary to consider one of them, to-wit: "Because this amended petition purports to be based on a written instrument and same is not filed in said cause, or any reason given for not filing same." The court sustained the demurrer and the plaintiff's contention is that error was committed in so doing.

The respondents in this court have devoted much attention to the action of the court in overruling the motion to strike out the amended petition. The abstract of the record shows that the defendants saved no exception to the action of the court, and prosecuted no appeal therefrom, but subsequently filed a demurrer to the petition and obtained a judgment thereon. Under these circumstances, the action of the trial court on the motion to strike out is not before us for review.

Notwithstanding the amended statement was filed in the circuit court on appeal, the defendants were not required to answer or demur, but without any written plea they were entitled to make any defense that was open to them in the justice court. [Helm v. Railroad, 98 Mo. App. 419, 72 S. W. 148.]

It has been held many times in this state that a demurrer is not known in justice court pleadings and that a demurrer is not the proper manner to test the

sufficiency of a pleading in a case originating before a justice of the peace. [Groneweg & Schmoentgen Co. v. Estes, 139 Mo. App. 36, 119 S. W. 513; Wendleton v. Kingery, 110 Mo. App. 67, 84 S. W. 102; Martin v. Creech, 58 Mo. App. 391; Kane v. Dauernheim, 51 Mo. App. 636.]

Waiving the point that a demurrer is not the proper pleading by which to question the sufficiency of a statement in a case originating in the justice court, it seems to us that the petition in this case is sufficient. The sufficiency of the amended statement filed on appeal is to be determined by the requirements of the law as to statements filed before the justice. [Wendleton v. Kingery, supra.]

In suits commenced before a justice the law requires, when the plaintiff's case is based on an instrument executed by the other party, that the same shall be filed and no other pleading shall be required. [Secs. 7412 and 7413, Revised Statutes 1909.] And when a statement is filed with the instrument the latter is the basis of the action and the statement is ignored. [Rhea v. Mfg. Co., 81 Mo. App. 400.] But the filing of the original instrument may be waived. [Sublet v. Noland, 5 Mo. 516; Rhea v. Mfg. Co., supra; Livery Co. v. Freber, 102 Mo. App. 315, 76 S. W. 698.] And the defendants have waived the filing of the same. In their printed brief they do not claim that the original had to be filed, but complain: "Because the statement does not allege that the copy filed with the amended statement is verified, as required by section 1844, Revised Statutes 1909." That section has no application to pleadings in cases originating before a justice. By objecting to the sufficiency of the copy and not because the original was not filed, the defendants waived the filing of the latter. [Rhea v. Mfg. Co., 81 Mo. App. l. c. 406.]

The statute plainly provides that the suit shall not be dismissed for failure to file the instrument sued on, and that the same may be filed whenever required by

the justice. If a motion should be filed to dismiss because the original instrument was not on file the justice could dismiss the case unless the instrument was filed when required by him. [Widman v. Ins. Co., 115 Mo. App. 342, 91 S. W. 1003.] And when the case has reached the circuit court on appeal, that court has full authority to require the instrument to be filed and to dismiss the suit on motion for failure to file the same, and the action of the circuit court thereon would be subject to review on appeal when proper exceptions were taken and preserved. But we do not believe that in suits commenced before a justice of the peace, where formal pleadings are not required, the statement is subject to demurrer for failure to state with technical precision that the instrument sued on is not filed, or if it is stated that it is not filed and expressly asserts a reason not valid for the failure to file. In our opinion the remedy is by motion to dismiss or to require the instrument to be filed as above stated.

In holding the amended statement good as against the demurrer, we have not overlooked the contention of defendants, that the contract sued on is a conditional sale contract, and that the petition does not allege that any part of the money paid on the same had been refunded. The plaintiff did not take possession of the property but was suing on the contract, and, therefore, section 2890, Revised Statutes 1909, has no application. [Vette v. Drug Co., 137 Mo. App. 229, 117 S. W. 666.]

If the defendants, on another trial, should file a motion to require the original instrument to be filed, the trial court will be authorized to direct that the same be detached from the depositions and filed as an exhibit in the cause.

The judgment will be reversed and the cause remanded. All concur.