# FREDERICK TRAPP, Respondent, v. EMMA MERSMAN, Appellant.

### St. Louis Court of Appeals, June 2, 1914.

1. **JUSTICES' COURTS: Jurisdiction: Record.** The jurisdiction of a justice of the peace must affirmatively appear on the face of the proceedings.

2. ———: **Jurisdiction of Circuit Court on Appeal.** Where a justice of the peace has no jurisdiction of a case, the circuit court acquires none on appeal.

3. ———: **Action on Written Instrument: Determination of Jurisdiction.** Where an action is brought in a justice's court upon a written instrument, Sec. 7412, R. S. 1909, requires the instrument to be filed, and, being filed, it is regarded as the basis of plaintiff's demand and the foundation of his suit, and such instrument, or the account, where the action is upon an account, must be looked to, in order to determine the question of the justice's jurisdiction over the subject-matter.

4. ———: **Jurisdiction: Voluntary Remittitur.** It is proper to allow the giving of a voluntary credit upon an instrument or an account sued upon in a justice's court, in order to bring the same within the jurisdiction of the justice.

5. ———: ———: **Amendment of Statement.** A plaintiff may amend the statement of his cause of action filed in a justice's court, by reducing his claim to an amount within the jurisdiction of the justice, and thereby give the justice jurisdiction of the case.

6. ———: ———: **Amount in Dispute: Determination.** A justice of the peace had no jurisdiction of an action on a note, upon which there was due an amount exceeding the amount for which he had jurisdiction, notwithstanding the fact that plaintiff filed a memorandum with the note, relative to the issuance and service of the writ, stating, as the amount of the demand, an amount within the jurisdiction of the justice, since the memorandum did not purport to be a voluntary credit and was not a part of the record, and notwithstanding also that the amount of the demand stated in the summons and in the justice's docket was an amount within his jurisdiction, since the note filed was conclusive as to the amount of the demand, for the purpose of determining the question of whether the justice had jurisdiction.

7. ———: ———: ———: **Determination.** In an action on a promissory note filed in a justice's court, upon which there was

due an amount in excess of the amount for which the justice
had jurisdiction, the justice could not invest himself with juris-
diction by stating in the summons and in his docket that the
amount of the demand was an amount within his jurisdiction
and by hearing and determining the case as though only such
amount was involved, since the note must be looked to for the
purpose of determining the question of jurisdiction.

8. ———— : ———— : ————: **Right to Complain.** In an action
brought in a justice's court on an obligation upon which there
was due an amount in excess of the amount for which the
justice had jurisdiction, defendant had the right to complain
of the rendition of a judgment for an amount within the justice's
jurisdiction, although such judgment, being for an amount less
than the amount appearing to be due, was, in fact, for the
benefit of defendant, since he had a right to insist that the
exercise of jurisdiction over him, where none existed, was an
error to his prejudice.

REYNOLDS, P. J., dissents.

Appeal from St. Louis City Circuit Court.—*Hon. J.
Hugo Grimm,* Judge.

REVERSED AND REMANDED (*with directions*).

*T. Percy Carr* for appellant.

(1) A foreign domiciliary executor or administra-
tor cannot maintain an action in Missouri upon an
asset having its situs in this State. McCarty v. Hall,
13 Mo. 480; Stearns v. Burnham, 5 Greenleaf 261; Greg-
ory v. McCormick, 120 Mo. 662-3; Estate of Ames, 52
Mo. 290; Morton v. Hatch, 54 Mo. 411; Naylor v. Mof-
fatt, 29 Mo. 128; Becraft v. Lewis, 41 Mo. App. 546;
De LaVergne v. Richardson, 198 Mo. 189; Richard-
son v. Busch, 198 Mo. 174; Crohn v. Bank, 137 Mo. App.
712; Armour v. Bank, 113 Mo. 121; Caffery v. Coal
Co., 95 Mo. App. 174; Turner v. Campbell, 124 Mo.
App. 133; Kelley's Probate Guide (4 Ed., 1913), sec.
241. And such foreign executor will not be permitted
to recover indirectly when he could not maintain his
action here directly in his capacity as such executor.
McCarty v. Hall, 13 Mo. 480; Stearns v. Burnham, 5

Greenleaf 261; 17 Am. Dec. 228. (2) The note ·in suit is without legal consideration, because: It was given solely in consideration of the pre-existing indebtedness of Ella Hoblit to the ·estate of Koehnle. Said Ella Hoblit was a resident of Missouri, and the situs of said· debt or asset was accordingly in Missouri, where the debtor resided, and not in Illinois, the State of the decedent's domicile. Such being the case, the Illinois executors had no legal title to or control over said asset and could not legally collect same or discharge the debtor; nor would payment of said original debt to said Illinois executors afford any protection or defense to a subsequent action brought by an ancillary administration in Missouri. McCarty v. Hall, 13 Mo. 480; Crohn v. Clay County State Bank, 137 Mo. App. 712; Bartlett v. Hyde, 3 Mo. 490; Woerner's Law of Decedents' Estates (1913), sec. 159. (3) The defendant as surety on the note in suit was discharged by the acts of the executors, and particularly by their action in closing the estate and obtaining their final discharge, thereby leaving no one legally authorized to sue upon the note and creating a delay of five years by their own act and without defendant's consent. United States v. Simpson, 24 Am. Dec. 331; Johnson v. Bank, 43 Am. Dec. 480; Dickerson v. Ripley County, 63 Am. Dec. 378; Headlee v. Jones, 43 Mo. 235; Carr ll County v. Roberts, 68 Mo. 234; Rucker v. Robinson, 38 Mo. 154; Hosea v. Rowley, 57 Mo. 357; Hartman v. Rodman, 21 Mo. App. 124; Elliott v. Qualls, 149 Mo. App. 482. (4) The court erred in permitting the amendment, substituting a different plaintiff from the original plaintiff, and substituting a different cause of action from the one originally sued on.

*Edw. D'Arcy* and *Robert M. Wilson* for respondent.

(1) The amendment permitting plaintiff to strike out of the caption the words, "as surviving executor,"

etc., did not change the cause of action and was properly allowed. Sec. 7587, R. S. 1909; Shaffner v. Leahy, 21 Mo. App. 110; Commission Co. v. Milling Co., 136 Mo. App. 365; Tyrrel v. Milliken, 135 Mo. App. 293; Hackett v. Van Frank, 119 Mo. App. 648; Lilly v. Tobein, 103 Mo. 477; Harkness v. Julian, 53 Mo. 238; House v. Duncan, 50 Mo. 453. If defendant objects to the allowance of an amendment to a petition on the ground that it changes the cause of action, he must move to strike out and in the event the motion is ruled against him stand on his motion and appeal. If he joines issue and goes to trial thereon, he waives his right to object. City Light, etc. Co. v. St. Mary's Mch. Co., 156 S. W. 83; Jones v. Traction Co., 137 Mo. App. 408; Grymes v. Mill & Lbr. Co., 111 Mo. App. 358. (2) An executor or administrator may sue upon a note given to him as executor or administrator, for a debt due the estate, in his own name, treating his representative capacity as a mere *descriptio personae.* Miller v. Hoover, 121 Mo. App. 572; Tittman v. Thornton, 107 Mo. 506; Smith, Admr. v. Monks, 55 Mo. 106; Nicolay v. Fritschle, 40 Mo. 67; 3 Redfield on Wills, p. 205; Vandeventer v. Bank, 162 Mo. App. 34. The payee and holder of a note may institute suit thereon in his own name and it is no defense that he holds the note as trustee for a third party. Nicolay v. Fritschle, 40 Mo. 67; Lachance v. Loblein, 15 Mo. App. 462; 2 Daniels on Neg. Instrs. (5 Ed.), secs. 1191, 1192. (3) The surrender of the former notes was a sufficient consideration for the note in suit. Dorris v. Cronan, 149 Mo. App. 177; Zuendt v. Doerner, 101 Mo. App. 528; Fitzgerald v. Fleming, 58 Mo. App. 185; Life Ins. Co. v. Landis, 50 Mo. App. 116; Hudson v. Busby, 48 Mo. 35. (4) A party may give jurisdiction to a justice of the peace by a voluntary reduction of a part of his demand. It matters not in what way the reduction of the demand is made so the amount claimed is within the justice's jurisdiction. Buckner v. Armour, 1 Mo.

379; Best v. Best, 16 Mo. 530; Denny v. Eckelkamp, 30 Mo. 140; 24 Cyc. p. 474. (5) To discharge a surety, the creditor must do some act by which he deprives himself of the right to proceed at law for the collection of the obligation. Respondent did not deprive himself of this right. Elliott v. Qualls, 149 Mo. App. 482; Bank v. Taylor, 69 Mo. App. 99; Life Ins. Co. v. Landis, 50 Mo. App. 116; Buckner v. Robinson, 38 Mo. 154. (6) Parties are restricted on appeal to the theory on which the cause was tried in the court below. Pleadwell v. Glass Co., 160 Mo. App. 585; Mitchell v. United Railways Co., 125 Mo. App. 1; Railroad v. Iron Works, 117 Mo. App. 153; Heman v. Lasker, 108 Mo. App. 392. A point not presented and passed on by the trial court will not be considered on appeal. Sec. 2081, R. S. 1909; Dunlap v. Kelly, 130 Mo. App. 525; Lucas v. Cella, 115 Mo. App. 395; Kansas City to Use v. McGovern, 78 Mo. App. 513; Mantz v. Maguire, 52 Mo. App. 136.

ALLEN, J.—This is an action upon a promissory note, which was originally for the sum of $725, dated February 9, 1904. It is payable to certain executors in the State of Illinois, and was executed by appellant and one Ella C. Hoblit, to take up notes of the latter due the estate then in charge of such executors, the appellant executing the same as an accommodation maker. At the time of the commencement of the suit, various credits appeared indorsed upon the note, leaving a balance due thereon at said date, exclusive of interest, in excess of $500.

The cause was instituted before a justice of the peace, by filing the note. Counsel for plaintiff left with the clerk a memorandum containing the style of the cause, the names and addresses of plaintiff's counsel, defendant's address, and the following notation, viz: "Amount of plaintiff's demand $500. Plaintiff had judgment before the justice for $500, and the defendant appealed to the circuit court, where plaintiff again

recovered judgment for a like amount, from which the defendant here prosecutes this appeal.

Learned counsel for appellant contended below, as he does here, that plaintiff's demand was in excess of the jurisdiction of the justice of the peace; and since the latter had no jurisdiction, the circuit court could acquire none on appeal.

It is well settled that the jurisdiction of a justice of the peace must affirmatively appear on the face of the proceedings. [See Ruckert v. Richter, 127 Mo. App. 664, 106 S. W. 1081; Severn v. Railroad, 149 Mo. App. 631, 129 S. W. 477; Buchholz v. Insurance Co., 177 Mo. App. 683, 158 S. W. 451.] And if a justice has no jurisdiction the circuit court can acquire none on appeal; for the jurisdiction of the latter is purely derivative and dependent upon the jurisdiction of the justice. [See Brownfield v. Thomas, 96 Mo. App. 340, 70 S. W. 378; Johnson v. Stephens, 107 Mo. App. 629, 82 S. W. 192; Buchholz v. Insurance Co., supra.]

The statute confers jurisdiction upon justices of the peace in the city of St. Louis only where the amount of the demand, exclusive of interest and costs, does not exceed $500. [See Sec. 7615, R. S. 1909.]

The note filed with the justice of the peace must be regarded as the basis of plaintiff's demand and the foundation of his suit. Where the action is upon an instrument, as here, the statute requires the instrument to be filed. [Sec. 7412, R. S. 1909.] And it is held that a statement of the cause of action filed therewith, being unauthorized and not contemplated by the statute, should be ignored. [See Rhea v. Mfg. Co., 81 Mo. App. l. c. 406; Conn Co. v. Orr et al., 150 Mo. App. 708, 131 S W. 765.] Under the statute it appears that the instrument filed, or the account, where the action is upon an account, must be looked to, in order to determine the question of jurisdiction over the subject-matter. The statute (Sec. 7412 supra) provides that "before any process shall be issued in any suit, the

plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded.'' It is true that under this section it has been held that the filing of the instrument, in the first instance, is not essential to confer jurisdiction on the justice, ''but that the omission is cured by filing it after the suit has been commenced, or, if the case is appealed, by filing it in the circuit court.'' [See Keyes & Watkins Livery Co. v. Freber, 102 Mo. App. 315, 76 S. W. 698; Sanders v. Selleck, 165 Mo. App. 392, 147 S. W. 134.] But this is quite a different question we think from that now before us. In the instant case the question of the jurisdiction of the justice of the peace does not arise from a failure to file the instrument, but from the fact that the instrument which was filed shows upon its face an amount due in excess of the jurisdiction of the justice.

When the question of jurisdiction was raised in the circuit court, plaintiff introduced in evidence the ''memorandum'' filed with the clerk of the justice court, upon which, among other things, appeared the notation: ''Amount of plaintiff's demand $500.'' This was introduced upon the theory that the giving of this memorandum to the clerk constituted a ''waiver'' of any sum in excess of the jurisdiction of the justice. And learned counsel for respondent very earnestly insist that one may give jurisdiction to a justice of the peace by a voluntary reduction of part of his demand; and that it matters not in what way he reduces the amount, providing the amount actually claimed is within the justice's jurisdiction.

Beyond doubt one may give a voluntary credit upon an instrument on an account, in order to bring the same within the jurisdiction of the justice of the peace. But, bearing in mind that the jurisdiction of the justice must appear upon the face of the proceedings, can it be said that the amount demanded was

brought within the jurisdiction of the justice by filing the memorandum in question? The latter cannot be considered in any sense as a part of the statement of plaintiff's cause of action, nor is it any part of the record. It purported to be nothing more than a mere memorandum of counsel for the information of the clerk relative to the issuance and service of the writ, stating where the defendant could be found, the names and addresses of plaintiff's counsel, and purporting to state (though incorrectly) the amount of the demand. It did not purport to be a voluntary credit upon the demand evidenced by the note itself, or a relinquishment of any part of such claim; and it would appear to be without influence upon the question of jurisdiction over the subject-matter.

It is true that a plaintiff may amend the statement of his cause of action, reducing his claim to an amount within the jurisdiction of the justice, thereby giving jurisdiction to the latter. [See Wells v. Gouveia, 161 Mo. App. 563, 143 S. W. 517; Burden v. Hornsby, 50 Mo. 238; Caldwell v. Fitzpatrick, 34 Mo. 276; Denny v. Eckelkaup, 30 Mo. 140.] But, in the absence of such an amendment, it seems quite clear that a justice could have no jurisdiction to proceed in a cause wherein the statement of the cause of action shows upon its face an amount claimed in excess of the pecuniary limit of the justice's jurisdiction.

It appears that the summons issued by the justice commanded the constable to summon the defendant to appear and answer the complaint of the plaintiff, "founded upon a promissory note and whereby he demands $500;" and that an entry was made in the justice's docket in the following language: "Suit on promissory note filed. Demand $500 and interest." It is argued by respondent's counsel that it thus appears from the summons and the entry in the docket of the justice that the amount claimed was within the latter's jurisdiction. This might be true if it did not affirma-

tively appear from the instrument filed, and upon which the suit was founded, that the amount which plaintiff actually demanded by the filing thereof was in excess of the jurisdiction of a justice of the peace.

The summons properly declared that the suit was "founded upon a promissory note," but it erroneously stated that the amount thereby demanded was $500. And it does not appear that the justice was invested with jurisdiction to issue process and render judgment for an amount within his jurisdiction by the filing of an instrument which constituted a demand for a sum in excess of his jurisdiction; no reduction thereafter having been made by a voluntary credit, or a relinquishment of a portion of the amount shown to be due by the note, in order to bring the demand within the jurisdiction of the justice.

It is true that the statute provides that a justice of the peace shall keep a docket, and commands what he shall enter therein. [Sec. 7404, R. S. 1909.] And it has long been held that such docket is evidence of matters, and those only, required by law to be kept therein. [See Carpenter v. Roth, 192 Mo. 669, 91 S. W. 546.] If the record were otherwise silent, it may be that the entry in the docket of the justice might be referred to in order to ascertain the amount claimed. [See Carpenter v. Roth, supra, and cases cited.] However, the record is not silent in this case as to the amount claimed, but the same appears from the instrument filed as the foundation of the suit, by which is demanded an amount in excess of the justice's jurisdiction. The statute makes it the duty of the justice to enter in his docket the amount claimed. And it does not appear that he may invest himself with jurisdiction by issuing process for a less amount and proceed to so docket the case and to hear and determine it.

Respondent's counsel places much reliance on Best v. Best, 16 Mo. 530. It was there held, in a collateral

attack upon the judgment of the justice, that since it appeared that the latter was authorized to enter a voluntary credit on the claim, his failure to do so did not affect the regularity of the proceedings, and that the judgment was not void. This case, however, avails respondent nothing here, for the reason that it is out of line with the many subsequent decisions of our Supreme Court, which need not be here collated, holding that the jurisdiction of a justice of the peace must affirmatively appear on the face of the proceedings, since no presumption may come to the aid of inferior courts of this character possessing only limited and statutory jurisdiction.

As said by ELLISON, J., in Smith v. Rock Co., 132 Mo. App. l. c. 299, 11 S. W. 831: "Ever since the case of State v. Metzger, 26 Mo. 65, it has been the ruling that justices' courts, being of limited and inferior jurisdiction, not proceeding according to the course of the common law, there was no intendment in their favor and that their jurisdiction must appear on the face of their proceedings."

We think that the justice did not become possessed of jurisdiction to enter any judgment in the case. Consequently the circuit court acquired none upon appeal. And though a judgment for an amount less than that appearing to be due, "may, in fact, be for the benefit instead of the injury of the party, he has yet a right to insist upon the exercise of the jurisdiction over him, where none exists, as an error to his prejudice." [See Batchelor v. Bess, supra.]

The judgment should therefore be reversed and the cause remanded with directions to the circuit court to dismiss the suit, without prejudice to the right of plaintiff to institute another action. *Nortoni, J.,* concurs; *Reynolds, P. J.,* dissents.