HOLLAND, Respondent, v. STEAMBOAT R. H. WINSLOW, Appellant.

1. Strict conformity with technical rules of pleading should not be enforced in proceedings before justices of the peace.

2. A complaint filed before a justice of the peace against a steamboat is not rendered fatally defective by reason of the fact that the demand was stated therein to have "accrued against the said steamboat on account of the mate, the captain, or the clerk, agents thereof, for work and labor done on board of said steamboat as a laborer," &c.

*Appeal from St. Louis Law Commissioner's Court.*

*N. McDonald* and *Hudson & Thomas*, for appellant.
*G. Lewis*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case presents the single point in regard to the complaint and affidavit filed by the plaintiff. The complaint is as follows : " Timothy Holland complains that he has a demand against the steamboat R. H. Winslow, a boat used in navigating the waters of this state, amounting to two dollars and sixty cents, which demand accrued against the said steamboat on account of the mate, the captain, or the clerk, agents thereof, for work and labor done on board of said steamboat R. H. Winslow as laborer, within the thirty days next preceding the commencement of this suit, and is in all its particulars as follows, to-wit :

" 1855. April 23. Steamboat R. H. Winslow, to Timothy Holland, Dr. To 13 hours' labor and work done on board of said steamboat R. H. Winslow, at 20 cents per hour—$2 60. And the said Timothy Holland further states that he has now no other demand against the said steamboat R. H. Winslow, which is a lien thereon."

" Timothy Holland being sworn on his oath, says that the facts set forth in the above complaint are true. [Signed] Timothy Holland."

" Sworn to and subscribed before me, this 24th day of April, 1855. [Signed] Jeremiah Langton, Justice."

The plaintiff filed his bond with security, and a warrant was issued against the boat, executed as the law directs ; at the return day, the plaintiff appeared ready for trial ; the defendant made default and answered not. The plaintiff sub-

mitted his case to the justice, who heard the evidence, and rendered judgment in favor of the plaintiff against the defendant for the sum of $2 60 and costs. The defendant afterwards appealed to the Law Commissioner's Court. When the transcript was filed in the Law Commissioner's Court, the parties appeared, and defendant moved to quash the complaint filed, and to dismiss the cause, because, 1st, said complaint does not set out or show with sufficient certainty the person on whose account said alleged demand accrued; 2d, because said complaint is void for uncertainty; 3d, because said complaint is not verified by affidavit as required by law; 4th, because the supposed affidavit is informal and insufficient. The Law Commissioner overruled this motion, and upon a trial the plaintiff again recovered judgment for $2 60. The defendant moved for a new trial, which being denied, the cause is brought here by appeal.

The bill of exceptions shows that the plaintiff labored for defendant for 13 hours at 20 cents per hour—making $2 60; that such was the agreement; that the mate of the boat employed some twenty-two or twenty-three hands, and that plaintiff was one; and the price for the work was twenty cents per hour. The evidence leaves no doubt as to the price agreed to be paid and the time engaged in the work; and it was the duty of the employers to have paid the wages according to the contract, and not suffer themselves or their boat to be sued for the wages. The clerk offered to pay the laborers $1 50 per day; they refused to accept that sum, and demanded the amount due by their contract.

Now what is the defence made by the boat to this action? There was none made before the justice of the peace; judgment was suffered to be entered there by default against the boat; afterwards the case was carried to the Law Commissioner's Court, where a motion was made to quash the complaint; there was no defence pretended to be set up against the merits of the demand; but because the ignorant laborer did not specially name the one officer of the boat who made the contract with him to do the work, the defendant moved

after judgment by default to quash the complaint. Now what is the defect? The plaintiff states the amount of his claim; he says it accrued against the boat on account of the mate, the captain or the clerk, agents thereof, for work done on board the boat as a laborer. Now because the plaintiff does not state under his oath which particular one of these agents, the mate, or the captain, or the clerk, but names them all as agents, and avers that one of them employed him, his suit is to be dismissed. We will not, after having so often refused to apply the strict technical rules of pleading to proceedings before justices of the peace, lend a willing ear to this objection. The laborer knew that he was employed by an officer of the boat—an agent of the boat—but whether he was the mate or captain or clerk, he did not feel able to swear. The person employing him was in one or the other of these capacities, and here is a positive statement that he was employed by an agent of the boat. This is certain enough. It would be contrary to the general decisions of this court to regard such omissions of precise, utmost care and certainty as fatal. The complaint then we think certain enough, and the affidavit is good enough, and the proof is amply sufficient to sanction the plaintiff's cause of action.

Let the judgment therefore be affirmed; Judge Scott concurring; Judge Leonard absent.