MILTON TERTI, Respondent, v. AMERICAN INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1898.

1. **Justice's Courts**: STATEMENT: SUFFICIENCY OF. In a justice's court a complaint which fairly warns defendant of the nature and extent of plaintiff's demand and is sufficiently specific to serve as a basis for a plea of former adjudication, is all the law requires.

2. **Appellate Practice**: INSURANCE: WAIVER: DEFENSE. A defense not relied upon in the trial court can not be used in the appellate court; beside in this case defendant had waived his defense once and it was forever gone.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

A. B. STROTHER and FYKE, YATES & FYKE for appellant.

(1) The petition is fatally defective in that it nowhere alleges upon what contingency the indemnity

sued for became due or that same was due at the commencement of suit. Wright v. Ins. Co., 73 Mo. App. 365. Demand was made upon three different occasions by letter for a compliance with the stipulation in relation to invoices and preservation of the damaged goods, but no attention was paid thereto. The only thing that has ever been held to excuse a compliance with this policy condition is where the goods are so damaged by fire as to make it impossible. Dry Goods Co. v. Ins. Co., 21 Ins. L. J. 251; People's Co. v. Pulver, 20 N. E. Rep 18.

LEON BLOCK for respondent.

The statement is amply sufficient, this suit having been brought before a justice of the peace; in such a suit the statement need merely be definite enough to fairly inform the defendant of the nature of plaintiff's demand, and to furnish a sufficient basis for a plea of former adjudication in event a final judgment be rendered. Weese v. Barnes, 102 Mo. 299, 303; Witting v. R'y, 101 Mo. 632; Butts v. Phelps, 90 Mo. 670; Lemon v. Lloyd, 46 Mo. App. 422, 456; Fleischmann v. Miller, 38 Mo. App. 177; Wilkinson v. Ins. Co., 54 Mo. App. 661; Iba v. R. R., 45 Mo. 471; Pollhause v. R. R., 115 Mo. 535; Damhorst v. R'y, 32 Mo. App. 350; Hill v. Scott, 28 Mo. App. 370; Smith v. Munks, 55 Mo. 106; Brown v. Shock, 27 Mo. App. 351, 355. Appellant's agent, having once waived the condition in the policy requiring an inventory to be made and a separation of the damaged from the undamaged goods, by telling the plaintiff immediately after the fire that he might go ahead and sell the goods, and by other conduct showing a waiver, such condition is gone forever and can not afterward be revived without the consent of the insured. Porter v. Ins. Co., 62 Mo.

App. 520; Okey v. Ins. Co., 29 Mo. App. 105; Stav-
inaw v. Ins. Co., 43 Mo. App. 513; LaForce v. Ins.
Co., 43 Mo. App. 518; Weber v. Ins. Co., 35 Mo. App.
521; Organ v. Ins. Co., 3 Mo. App. 576; Phillips v.
Ins. Co., 14 Mo. 220; Sims v. Ins. Co., 47 Mo. 54;
Phillips v. Ins. Co., 14 Mo. 236; Meyers v. Ins. Co.,
72 Iowa, 177; Summers v. Ins. Co., 45 Mo. App. 46;
Ins. Co. v. Cohen, 20 Gratt. (Va.) 30; Parsons v.
Ins. Co., 132 Mo. 583, 599; Bowen v. Ins. Co., 69 Mo.
App. 272; McCollum v. Ins. Co., 61 Mo. App. 352;
McCollum v. Ins. Co., 67 Mo. App. 66.

GILL, J.—This action originated in a justice's
court and is based on an insurance policy covering a
stock of goods contained in a store room adjoining
which a fire occurred and the other building was de-
stroyed. The goods were damaged by smoke from the
burned building. Plaintiff had a verdict and judgment
below in the sum of $263.75 and defendant appealed.

It is first objected that the petition or complaint
filed before the justice of the peace is insufficient.
Defendant's counsel can hardly be serious in this con-
tention. Since the suit was instituted in
a justice's court the same strictness in
pleading is not required as in cases brought
in the circuit court. It is enough if the complaint
fairly warns the defendant of the nature and extent of
plaintiff's demand, and is sufficiently specific to serve as
the basis for a plea of former adjudication. The com-
plaint was amply sufficient for these purposes. It sets
out clearly the making of the policy, its date of exe-
cution and full tenor and effect, the property covered
thereby, and how long to run; also that the property
within the time was damaged by fire and how much;
that plaintiff performed all the conditions on his part

JUSTICES' courts:
statement; suf-
ficiency of.

required by said policy; that payment of the loss was demanded and payment refused, etc.

The second objection to the judgment is also without merit. It was provided in the policy, that "if a fire occurred the insured shall * * * forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon." It is now objected that this was not done, and for this reason plaintiff can not recover. In answer to this it is sufficient to say that no such defense was presented to the circuit court; the questions litigated were altogether of a different nature. Several instructions were asked by defendant's counsel at the trial, but no such reason as this was offered to avoid a liability. If such a defense had been interposed then there was uncontradicted evidence to prove that the separation of the goods and making up an inventory was waived by the defendant's adjuster. Among other things it was shown that immediately after the fire defendant's adjuster instructed the plaintiff to go ahead and sell the goods in the usual course. This of itself was such conduct as to induce the belief that defendant waived the provision calling for a separation of the goods and the making an inventory.

*APPELLATE practice: insurance: waiver: defense.*

This provision of the policy then being waived is gone forever. Once waived it could not be revived without the consent of both parties. Porter v. Ins. Co., 62 Mo. App. 520.

Judgment affirmed. All concur.