GEORGE P. AVERILL, Respondent, v. JOHN J. Mc-
     COOK et al., Receiver, Appellants.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Receivers:** LIABILITY FOR DAMAGES: DISCHARGE. Receivers of a railroad are only liable for damages resulting from its operation in their official capacity, and the judgment is only payable from the funds in their hands as such officials; and if they are discharged without reservation while an action is pending against them they are no longer proper defendants.

2. ———: ———: AMENDMENT: PARTIES.  If it be a fact that the company succeeding the receivers is· liable for injuries during the receivership, the petition may be amended and such company be brought in as a party defendant.

Appeal from the Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop, S. W. Moore* and *J. P. Gilmore* for appellants.

(1)   It was the duty of the lower court to abate the action as to the defendant receivers when it was made to appear that they had been discharged by the court which had appointed them.   Ryan v. Hays, 62 Tex. 42; Brown v. Gay, 76 Tex. 444; Fordyce v. Beecher, 2 Tex. Civ. App. 29, 21

S. W. Rep. 179; Fordyce v. DuBose, 87 Tex. 78; s. c. 26 S. W. Rep. 1050; Railway v. Watson, (Tex.) 24 S. W. Rep. 952; Telegraph Co. v. Jewett, 115 N. Y. 166; Woodruff v. Jewett, 115 N. Y. 267; Bond v. State, 68 Miss. 648; s. c., 9 So. Rep. 353. (2) The court erred in rendering a personal judgment against the defendant receivers. Judgment against receivers for breach of official duty can only be rendered against them officially and made payable out of the trust estate. High on Receivers, sec. 255; Trust Co. v. Railroad, 7 Fed. Rep. 537; Meara v. Holbrook, 20 Ohio St. 143; Commonwealth v. Runk, 26 Pa. St. 235; Woodruff v. Jewett, 37 Hun. 205; McNulta v. Ensch, 134 Ill. 46; Beach on Receivers, sec. 715.

*Virgil Conkling* for respondent.

No brief filed for respondent.

ELLISON, J.—This action was brought against defendants as receivers of the Atchison, Topeka & Santa Fe Railroad for killing a cow belonging to plaintiff. Plaintiff recovered judgment in the trial court. The case was here on a former appeal (72 Mo. App. 243).

Defendants were appointed receivers by the federal court for the western district of Missouri, and at the last trial they set up their discharge as such receivers and claimed that the case should abate as to them. The trial court ruled the point adversely and this is the principal error assigned.

In our opinion, the discharge of the receivers by the federal court ends the case as to them and unless some other party, or parties, defendant are brought in, the case should be dismissed. The receivers are only liable for the damage alleged, in their official capacity and the judgment rendered would necessarily be paid from the funds in their hands as such

officials.   If they have been discharged without reservation, it follows that they are not any longer proper defendants.   Brown v. Gay, 76 Texas 444; Telegraph Co. v. Jewett, 115 N. Y. 166; Bond v. State, 68 Miss. 648; Fordyce v. DuBose, 87 Texas 78; Farmers L. & T. Co. v. Railway, 7 Fed. Rep. 537. In Ryan v. Hays, 62 Texas 42, it is said that:

"The sole liability of a receiver, except in cases in which he is personally at fault, is official; and when his official character ceases, and the property, through which alone his official liability may be discharged has passed from his hands, and he has been by that court discharged from his trust, then no judgment can be rendered against him; for with the termination of his official existence ends his official liability."

It appears that the receivers were discharged without reserve.   If they had been discharged yet with jurisdiction retained over them and the funds and properties in their hands until all pending controversies were settled, it would have presented a different question.

We will not undertake to say, in advance, what proceeding should be taken by plaintiff.   The supreme court of Texas has repeatedly held that damages, such as suffered by plaintiff, were payable out of the current earnings of the railroad while operated by the receiver and that if these earnings had been used in betterments upon the property, the corporations receiving the property back from the receiver was liable after the discharge of the receiver.   Texas Pac. Ry. v. Johnson, 76 Texas 421; Boggs v. Brown, 82 Texas 41; Texas Pac. Ry. v. Comstock, 83 Texas 537.   Conceding, without deciding, that a liability exists against the railway company in this case we see no difficulty in filing an amended petition making such company a party defendant and setting up the facts of the case as they have developed.

The judgment will be reversed and the cause remanded. All concur.