WILLIAM NARR, Respondent, v. ALBERT NORMAN, Appellant.

Kansas City Court of Appeals, June 5, 1905.

1. JUSTICES' COURTS: Pleading: Statement. A statement charged that plaintiff guaranteed said hogs were healthy and in good condition, well knowing that they were sick. *Held*, sufficient to advise the defendant of plaintiff's purpose to make an express warranty an issue in the case.

2. SALES: Warranty: Caveat Emptor. Where the evidence shows an express warranty the rule of *caveat emptor* is without application.

3. ———: Damages: Evidence. The basic principle controlling the measure of damage is full compensation for actual loss sustained by the injured vendee and the rule permitting the recovery of the difference between the actual value of the article and its value in the condition warranted, is to give the vendee the benefit of his bargain as a part of his actual loss.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

REVERSED AND REMANDED.

*Loomis & Hudson* and *L. A. Chapman* for appellant.

(1)   The petition or complaint in this case fails to state facts sufficient in law to constitute a cause of action and the court committed error in admitting any evidence under the same against the objection of the defendant. The complaint lacks all the necessary allegations. He is claiming to sue for damages on a warranty and he states no facts showing a warranty. Kenny v. James, 50 Mo. 316; Carter v. Black, 46 Mo. 384; Anthony v. Potts, 63 Mo. App. 517; Smither v. Bircher, 2 Mo. App. 500; Phillips v. Vermillion, 91 Ill. App. 133; Barker v. Scudder, 56 Mo. 276; Galbreath v. Carnes, 91 Mo. App. 512; 1 Estes's Pl. (3 Ed.), sec. 1589; Maxwell on Code Pl., p. 784, form 406; Maxwell on Code Pleadings, p. 87, under head of Quality; 19 Ency. of Pleading and Practice, 102, 103; Hopkins v. O'Neil, 46 Mich. 403.   (2)   The court committed error in giving instruction numbered one for the plaintiff. It is not the law. The petition does not state that defendant warranted the hogs to be sound, healthy and in good condition. It is not based on the evidence. A warranty, though called a collateral undertaking, yet forms a part of the contract by agreement of the parties. "It follows, therefore, that antecedent representations made by the vendor as an inducement to the buyer but not forming a part of the contract when concluded are not warranties." Benjamin on Sales, sec. 929; 1 Lawson on Rights and Remedies, sec. 212; Riddle on Warranty on Sale of Chattels, sec. 37-39; Ransberger v. Ing, 55 Mo. App. 625. The test is what was the contract between the vendor and vendee at the time of the sale. Ransberger v. Ing, 55 Mo. App. 626; Austin v. Nickerson, 21 Wis. 543-4.   (3)   "In an action for breach of warranty on a sale

of chattels, the rule of damages is the difference between their actual value and the value which they would have borne, if they had conformed to the warranty. Reggio v. Braggiotto, 7 Cush. (Mass.) 166; Woodworth v. Woodburn, 20 Ill. 184; Drew v. Beall, 62 Ill. 168; 2 Sutherland on Damages, p. 422. (4) The verdict of the jury is without evidence to support it. There is no evidence in the case by which the jury could be guided, and the rule given the jury as set forth in instruction numbered two given for the plaintiff, was erroneous. Machine Co. v. Heath, 65 Mo. App. 461; Sutherland on Damages, sec. 670; Brown v. Emerson, 66 Mo. App. 63; Kerr v. Emerson, 64 Mo. App. 159.

*Frank S. Miller* and *Scott J. Miller* for respondent.

(1) The petition states a cause of action. Van-Cleave v. St. Louis, 159 Mo. 574; Butts v. Long, 94 Mo. App. 687; Rogers v. Ins. Co., 93 Mo. App. 24; R. S. 1899, sec. 729. (2) Instruction numbered one given for plaintiff correctly states the law. Graff v. Foster, 67 Mo. 512; Anthony v. Potts, 63 Mo. App. 517. (3) Taking all the evidence we think it clearly shown: That appellant warranted these hogs to be sound and healthy. That they had the cholera or other disease when they were sold and appellant knew it. Plaintiff lost his hogs. Therefore in conclusion, we say that the verdict of the jury was a logical sequence of the evidence in this case.

JOHNSON, J.—This action originated before a justice of the peace. A trial in the circuit court resulted in a judgment for plaintiff in the sum of $93.89. Defendant sold and delivered to plaintiff ten head of hogs at the price of $82.15, which plaintiff paid. The evidence shows that at the time of sale the animals were infected and sick with "cholera" from which, shortly after delivery, eight of them died. The remaining two recovered. In the statement upon which the case was tried,

plaintiff charged that defendant at the time of sale "guaranteed that said hogs were healthy and in good condition, well knowing that they were sick," etc.

We do not agree with defendant that the pleading of the contract of warranty is insufficient. It is definite enough to advise the opposite party of plaintiff's purpose to make an express warranty an issue in the case. This is all that is required of a pleading in a justice of the peace court.

Substantial evidence was introduced tending to show that defendant expressly warranted the soundness of the hogs and that plaintiff, not aware of their real condition, after a reasonable examination relied upon the assurances made. Under such circumstances the rule of *caveat emptor* is without application. [Galbreath v. Carnes, 91 Mo. App. 512.]

But the case must be reversed and remanded because of failure of proof relative to the value of the eight hogs that died. The only evidence touching the subject appears in the following portion of plaintiff's testimony:

"Q. What did you pay for these hogs? A. $82.15. Q. Did you buy them by the head? A. No, sir, by the hundred pounds. Q. Did they all die? A. All but two. Q. What became of these two? A. I have got them. Q. What is their condition? A. They are healthy, I think. Q. And all right? A. Yes, sir, as good as any hogs I ever had. Q. Were they ever sick? A. Yes, sir. Q. How long were they sick? A. One only a little while and I thought I would lose the other."

The fact of the sickness of the two hogs that survived, in the absence of other evidence, does not furnish any basis upon which to estimate the amount of damage caused thereby, nor does it, in view of the admission that the animals fully recovered, even support an inference that any damage resulted. It was error to permit a recovery on account of these two hogs.

As to the other eight, it appears from the testimony

quoted that they were bought by the pound, and as their weight is not disclosed, the fact alone that $82.15 was paid for the whole ten is not enough from which to ascertain the purchase price of the eight. The presumption cannot be indulged that the ten hogs all weighed the same. No other evidence relating to their value appears in the record and there was nothing to submit to the jury upon the issue of substantial damages.

The basic principle controlling the measure of damage in such cases is full compensation for the actual loss sustained by the injured vendee (Chandelor v. Lopus, Smith's Lead. Cases, vol. 1, part 1, p. 365; Reggio v. Braggiotti, 7 Cush. (Mass.) 169) hence the rule generally followed of permitting a recovery for the difference between the actual value of the article sold and its value in the condition warranted. [Brown v. Weldon, 99 Mo. 564.] The purpose of the rule is to give the vendee the benefit of his bargain as a part of his actual loss, should it appear that the market value of the article, as warranted at the time and place of delivery exceeded the contract price. Sutherland on Damages, sec. 670. But it is not true, as urged by defendant, that in the event it is shown that the vendee paid more for the article than its reasonable market value his recovery is controlled by the latter amount and not by the purchase price. In no event is the vendor to be suffered to profit by his wrong. He must reimburse the vendee for the actual loss sustained. It follows, therefore, that the instruction given on plaintiff's behalf which permitted the jury to "allow him the difference between the price paid for the hogs and the actual value" would have been without prejudice to defendant had the evidence disclosed the amount paid for the eight hogs.

We find no other error in the record. The judgment is reversed and the cause remanded. All concur.