DALTON, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, December 15, 1908.

1. **JUSTICES OF THE PEACE: Pleading.** Any statement of a cause of action begun before a justice of the peace is sufficient if it apprises the opposite party of the nature of the action and is sufficient to bar another action. The fact that it is overcharged with details of the transaction or is burdened with redundant and superfluous matter, does not destroy its efficacy as a complaint.

2. ———: ———: **Negligence: General Allegation.** In an action begun before a justice of the peace for damages on account of injuries to the plaintiff's horse caused by its collision with defendant's motor car, an allegation in the complaint that the defendant carelessly and negligently caused one of its cars to run upon and strike said horse, was sufficient to let in evidence that the motorman failed to look ahead for persons and vehicles and that had he looked in the direction the car was traveling he could have seen the horse upon the track.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

REVERSED AND REMANDED.

*R. B. Haughton* for appellant.

*Boyle & Priest, F. S. Whitelaw* and *T. M. Pierce* for respondent.

BLAND, P. J.—The action was begun before a justice of the peace in the city of St. Louis. Plaintiff recovered a judgment before the justice and defendant

perfected its appeal to the circuit court, where on a trial a new plaintiff was forced to take a nonsuit. An amended complaint was filed in the circuit court in which, after preliminary matters, it is stated: "That on the twenty-third day of March, 1907, a bay horse, about nine years old, by the name of 'Jim,' belonging to plaintiff, was rightfully on said track of defendant, near said intersection, and while so on said track, defendant carelessly and negligently caused one of its said cars going westwardly to run upon and violently strike said horse and knock him to the ground with great force and violence; that said carelessness and negligence of defendant were gross, reckless, heedless, with entire want of care and in utter disregard of the safety of said property of plaintiff, in this, that the motorman being the agent and servant of the defendant in charge of and running said car, caused said car, as aforesaid, to run at very great speed upon and along said Manchester avenue and up to where said horse then was, and while said car was so running, he, the said motorman, was looking in a direction different from that in which said car was running, was not watching as to what might be then in front of said car, and was so absorbed in what he saw in said different direction that he did not notice loud shouts and violent gesticulations warning him of danger."

On the trial plaintiff's evidence showed that his horse suffered a sunstroke and fell upon defendant's railroad track; that after the horse got on his feet he was pulled off the track but staggered back between the rails and before he could be pulled off the track one of defendant's cars struck and injured him. The collision took place on Manchester avenue, in the city of St. Louis, and the evidence shows that the conductor in charge of the car was not looking ahead along the track, but was looking off to one side and was apparently oblivious to the fact that the horse was on the track

until the car struck him. Plaintiff offered to prove the speed at which the car was running, but the evidence was excluded by the court for the reason the witness (Dalton) stated he did not form an estimate of the speed at which the car was running at the moment he saw it but estimated its speed afterwards. The accident occurred at night but the evidence shows the car was seen a block away from where the collision took place and that the horse could have been seen that distance by the motorman had he looked; it also shows that two persons ran toward the car and hallooed at the motorman and tried to attract his attention and signal him to stop the car, but he paid no attention to them and continued to look off in a direction from that in which the car was running. Plaintiff offered to show that the motorman, by the exercise of ordinary care, could have seen the horse on the track in time to have stopped the car and avoided the collision, but the court ruled this evidence out upon the theory that the last fair chance doctrine was not embraced in the complaint, and held that plaintiff was confined to the specific acts of negligence stated in the complaint. The complaint alleges general negligence which allegation is followed by a statement of specific acts of negligence in this: that the car was running at a great and excessive rate of speed and the motorman was looking away from the direction in which the car was running. Plaintiff proved that the motorman was negligent in failing to look ahead for persons, vehicles or obstructions on or about to go upon the track, and offered to follow this with proof that had the motorman looked in the direction in which the car was travelling he would have seen the horse on the track, and by the exercise of ordinary care could have stopped the car in time to have averted the collision, but for the reason the complaint did not specifically allege this fact the learned trial judge refused to admit this evidence. It seems to us that this ruling

is erroneous and that the learned circuit judge over-looked the fact that the action originated in a justice's court, where no formal pleadings are required (R. S. 1899, sec. 3852). Only a statement of the facts consti-tuting a cause of action is required by this section; simplicity, not the technical rules of pleading are ap-plicable to a statement of a cause of action filed before a justice of the peace. [Holland v. Steamboat R. H. Winslow, 25 Mo. 57; Meyer v. McCabe, 73 Mo. 236; Terti v. Insurance Co., 76 Mo. App. 42; Adams v. Ellis, 86 Mo. App. 348.] Any statement of a cause of action begun before a justice of the peace has been repeatedly held sufficient, if it apprises the opposite party of the nature of the action and is sufficient to bar another action. [Razor v. Railway, 73 Mo. 471; City of Kansas v. Johnson, 78 Mo. 661; Boefer v. Sheridan, 42 Mo. App. 236; Haynes v. Railway, 54 Mo. App. 582; McCrary v. Good, 74 Mo. App. 425; St. Louis Trust Co. v. Am. Real Est. & Ins. Co., 82 Mo. App. 260; Darnell v. Lafferty, 113 Mo. App. 282.] And the fault that the statement is overcharged with details of the transaction, or is bur-dened with redundant or surplus matter, does not de-stroy its efficacy as a complaint, if enough is left, after rejecting the unnecessary details and redundant and surplus matter, to state a cause of action and bar another action. The amended complaint fully apprises defendant of the nature of plaintiff's cause of action and is sufficient to bar another action, and while plain-tiff was properly held to proof of the specific acts of negligence alleged, they, in themselves, were insufficient to warrant a recovery, for the reason it is not alleged the car could have been stopped in time to have avoided the collision. But under the general allegations of negligence, plaintiff ought to have been permitted to prove that by the exercise of ordinary care, the motor-man had ample time and opportunity to have stopped the car and avoided the collision. We also think the

witness Dalton should have been permitted to testify in regard to the rate of speed at which the car was running, as he qualified himself to make a reasonable estimate of such speed. Surely the fact that he did not, at the very moment he saw the car running, make a mental estimate of its speed but made such an estimate afterwards did not make his evidence in respect to its speed incompetent. The estimate, according to his evidence, was made from seeing the car in motion. The particular time of making the estimate might affect the weight of his evidence but we do not think it made it wholly incompetent.

The point is made that plaintiff's abstracts do not purport to contain all the evidence. After showing the bill of exceptions was filed, the abstracts state: "Said bill of exceptions contains, among other things, the following: The trial was begun on May 6, 1908, and continued to and concluded on May 7, 1908, before said Kinsey as judge and said jury, in Division Number 7, of said Circuit Court, in the April term thereof. Plaintiff appeared by Richard B. Haughton, Esq., and defendant by Boyle & Priest and Hon. F. S. Whitelaw, as attorneys. The following proceedings were had: The defendant plead a general denial verbally denying all the allegations in said amended statement." Following this statement the name of each witness is given, followed with what purports to be his testimony in full, and the bill concludes with the statement that this was all the evidence introduced by the plaintiff in chief. It was at this stage of the proceedings that the court sustained the demurrer to plaintiff's evidence. In view of these recitals, we think this court would not be justified in finding that all the evidence heard at the trial is not set forth in plaintiff's abstracts.

For the errors noted, the judgment is reversed and the cause remanded. Judges *Goode* and *Nortoni* concur in the result.