ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1915.

*(Continued from Volume 188.)*

JAMES R. CONNELLY, Respondent, v. ALONZO M. PARRISH, Appellant.

**Kansas City Court of Appeals, May 3, 1915.**

1. **JUSTICES OF THE PEACE: Pleading: Statement.** Technical rules of pleading are not required in actions before a justice of the peace. All that is necessary is a statement sufficient to advise the opposite party of the nature of the claim and be sufficiently specific to bar another action.

2. **SALES: Warranty: Mules: Crooked Tails.** In a public sale of mules the announcement of the vendor that they are "sound and straight" is a warranty and if they have crooked tails it is a breach of the warranty.

Appeal from Cass Circuit Court.—*Hon. A. A. Whitsett,* Judge.

AFFIRMED.

189 M. A.]                              (1)

*W. D. Summers* and *Nick M. Bradley* for appellant.

(1) The petition fails to state a cause of action in this: That it fails to allege that the defendant relied upon the warranty and was deceived thereby. Carter et al. v. Black, 46 Mo. 384; Doyle v. Parish, 110 Mo. App. 470. (2) In 19 Encyclopedia of Pleading and Practice, pages 102 and 103, it is said: "In an action for breach of warranty the plaintiff must allege that he relied upon the warranty and was thereby deceived." Moore v. Rubber Co., 137 Mo. App. 681. (3) Facts not pleaded are not admissible. Charles Bird v. Joseph Rowell, 180 Mo. App. 421; Irvin v. Chiles, 28 Mo. 576; Black v. Early, 208 Mo. 313; Roden v. Helm, 192 Mo. 94; Spindle v. Hyde, 247 Mo. 48; Schneider v. Patton, 175 Mo. 723; State ex rel. v. Kenedy, 163 Mo. 519; Ross v. Ross, 81 Mo. 84.

*A. L. Groves* and *J. S. Brierly* for respondent.

(1) Appellant in his brief, under propositions 1, 2, 3 and 4, complains that the petition did not state a cause of action; that no evidence was admissible by respondent that he relied upon the warranty; an examination of the record in this case and the authorities in this State in similar cases shows that he has no ground to complain. The statute of this State, section 7412, Revised Statutes 1909, provides that no formal pleadings shall be filed before the justice, and this court has time and again held that in suits before a justice of the peace no formal pleadings are required, and technical rules applied in the circuit court will not be applied in a justice's court. The statement is sufficient if it apprises defendant of the cause of action and will bar another action. Van Cleave v. St. Louis, 159 Mo. 579; Byrne v. Railroad, 75 Mo. App. 36; Gunther v. Aylor, 92 Mo. App. 161; Dalton v. Railroad, 134 Mo. App. 392;

Butts v. Phelps, 79 Mo. 302; McCrary v. Good, 74 Mo. App. 425; Darnell v. Dafferty, 113 Mo. App. 282; Hall v. Railroad, 124 Mo. App. 661; Narr v. Narmon, 113 Mo. App. 535-536.

ELLISON, P. J.—This action is for damages founded on a warranty of the soundness of two mules purchased by plaintiff of defendant. The action was begun before a justice of the peace. It was appealed to the circuit court where plaintiff recovered judgment.

It appeared that defendant had a public sale at which he sold a number of mules besides the two purchased by plaintiff. There was evidence tending to show that the mules were sold on a cloudy day. That on account of the number of mules crowded into a narrow shed, with their heads toward the buyers, it was difficult to see whether there were any blemishes on them. But that defendant warranted them, including the two purchased by plaintiff, to be "sound and straight" and that plaintiff relied upon the warranty. The evidence further tended to show that on account of bad weather, plaintiff left the mules with defendant for several days and that when he took them into his possession he discovered that each of them had a crooked tail. Altogether, there was ample evidence to sustain the judgment.

But defendant insists that no cause of action was stated. It appears that plaintiff filed a written statement of his case with the justice, which is designated as an "amended petition," and the particular defect pointed out by defendant is that there is no allegation that plaintiff relied upon the warranty. But while that allegation is not affirmatively made, the entire transaction concerning the purchase, the warranty and its breach, together with the defect that constituted the breach, is set forth. Nothing is better settled than that in actions before justices of the peace technical nicety of pleading is not required. The statute (Sec. 7412,

R. S. 1909) so directs and the authorities, with one accord, so hold. [Van Cleve v. St. Louis, 159 Mo. 574, 579; Butts v. Phelps, 79 Mo. 302; Razor v. Ry. Co., 73 Mo. 471.] In the latter case it is said, "It is sufficient if such statement advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. Justice's courts are popular tribunals before which ordinary disputes can be adjusted without the aid of attorneys; and it would defeat the end of their organization if the rules of practice and pleading found necessary in courts of record were applied to their proceedings. The statute expressly provides that no formal pleading shall be required before justices of the peace." The same thing was decided by the St. Louis Court of Appeals. Byrne v. Ry. Co., 75 Mo. App. 36; Dalton v. United Ry., 134 Mo. App. 392; Hall v. Railroad, 124 Mo. App. 661, 668; and by this Court in Narr v. Norman, 113 Mo. App. 533, 536.

But we are cited to a late decision by the Supreme Court (Lyman v. Dale, 262 Mo. 353, 171 S. W. 352) in which, defendant claims the foregoing cases are modified. We do not think that case disturbs the others in the least. That case originated in a justice of the peace court and was founded on a claim for damages for the defendant's negligence in "leading a wild and unruly mule along the street in such a careless and negligent manner as to permit said mule to run into and against plaintiff's buggy." The decision of the court was that the plaintiff would be held to prove the allegation that the mule was wild and unruly and that proof that the accident happened by reason of leading an ordinary tame mule failed to prove the case alleged. Judge GRAVES said, "It is true that in justice's court the same strict formalities of pleadings are not required as in the circuit court; but it is further true that, if the plaintiff elects to plead in strictness in such court, he is bound by his pleadings there as he would

be elsewhere. By this we mean, if he is suing in tort, and specifically states the negligence upon which he relies to recover, he must recover for that negligence and none other.'' In other words that a plaintiff would not be allowed to deceive his adversary by stating one condition of things and recovering on exactly the opposite condition. We think that case has no bearing on the question in this case.

Objection is made to plaintiff's instruction on the ground that it does not submit the hypothesis of defendant intending to warrant the mules when he announced at the sale and stated to plaintiff that they were sound and straight. We think the instruction, as worded, clearly enough shows that defendant must have intended a warranty. [Burns v. Limerick, 178 Mo. App. l. c. 149.] The opening statement in the instruction is, that if defendant, for the purpose of inducing plaintiff to purchase, made the announcement that they were sound and straight and plaintiff relied, etc. But in addition to this, one of defendant's instructions especially required that defendant intended to warrant. So that taking the instructions together there is no reason to suppose the jury were not fully informed as to the necessity of finding an intention to warrant.

The question whether plaintiff exercised ordinary care and diligence in the circumstances concerning the place and time of sale, was duly submitted to the jury by each of the parties. There is no doubt of there being evidence to justify plaintiff's failure to discover the defects in the mules at the time of the sale. As already stated, they were crowded together in a narrow shed on a dark day, with their heads towards the buyers. That situation with defendant's assurance that they were sound and straight made a question for the jury on the question of ordinary care.

We think the statement made at the sale, that the mules were "sound and straight," constituted a warranty that they were free from the blemish and disfigurement of crooked tails. In Walker v. Hoisington, 43 Vermont 608, the statement was that a horse was "sound and right." The next day the purchaser discovered he was a "cribber." The court said: "Perhaps this horse was physically sound, although he is what is called a cribber, and perhaps not; as to that we make no decision and express no opinion; but the warranty was as to more than soundness, it was that the horse was sound and right. A fair interpretation of this warranty would make it mean that the horse was right in conduct and behavior as to all matters materially affecting its value, as well as in physical condition." A statement that hogs "were sound and alright" was a warranty covering hog cholera: [Rausberger v. Ing, 55 Mo. App. 623.] An affirmation in the sale of mules that they were "all right" was held to be a warranty that they were sound. [McClintock v. Emrick, 87 Ky. 160 and Powell v. Chittick, 89 Iowa, 513.]

We can see no ground for disturbing the judgment and it is accordingly affirmed. All concur.