ANNIE STEINBRUEGGE, Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

St. Louis Court of Appeals, December 30, 1916 and January 16, 1917.

1. **STATUTE OF LIMITATIONS: Pleading: Demurrer.** The Statute of Limitations can be invoked by a special demurrer, where the petition, on its face, discloses that the action is barred by the general statute, and nothing is pleaded as an exception relieving against the bar.

2. ————: ————: **Avoidance of Bar.** If the cause of action is such that the bar of the general Statute of Limitations may be obviated by some exception thereto, plaintiff must plead the facts that bring the case within such exception.

3. **JUSTICES' COURTS: Pleading.** Under Sec. 7412, R. S. 1909, technical rules of pleading are wholly inapplicable to a statement of a cause of action before a justice of the peace.

4. ————: ————: **Sufficiency of Statement.** The statement of the cause of action, in a suit filed in a justice's court, is sufficient if it serves to reasonably apprise the defendant of the nature of

the claim asserted against him and is sufficiently specific and definite to bar another action on the same demand.

5. ———: ———: ———: **Statute of Limitations: Avoidance of Bar.** In a suit instituted in a justice's court, the statement need not, in order to state a cause of action, plead the facts showing an exception relieving against the bar of the general Statute of Limitations; and proof of such facts may be made at the trial, notwithstanding they are not pleaded as an exception in the statement.

6. ———: **Statute of Limitations: Manner of Invoking.** If the defendant, in an action instituted in a justice's court and appealed to the circuit court, wishes to raise the point that plaintiff's statement shows his cause of action is barred by the Statute of Limitations, he must do so, either by pleading the statute relied on or by invoking the same in some appropriate manner at the trial.

### ON MOTION FOR REHEARING.

7. **JUSTICES' COURTS: Appeal to Circuit Court: Rules of Practice.** Where a case is appealed from a justice's court to the circuit court, the general rules of practice in the latter court govern, but not the rules of pleading applicable to causes originating therein.

8. ———: ———: **Amended Statement: Manner of Determining Sufficiency.** Where an action originates before a justice of the peace and is appealed to the circuit court, the sufficiency of an amended statement filed in the latter court is to be determined by the requirements of the law applicable to statements filed in justices' courts.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*James J. O'Donohoe* for appellant.

(1) The Statute of Limitations does not run against a married woman. Section 1894, R. S. 1909; Smith v. Ins. Co., 64 Mo. 330; Throckmorton v. Pence, 121 Mo. 50; Lindell Real Estate Co. v. Lindell, 142 Mo. 61; Linville v. Greer, 165 Mo. 380; Bucher v. Hahl, 199 Mo. 320; Elliott v. Machine Co., 236 Mo. 546; State v. Macy, 72 Mo. App. 427; Rosenberger v. Mallerson, 92 Mo. App. 368; Linck v. Vorbauer, 104 Mo. App. 368. It was permissible to prove that plaintiff was a married woman under the allegation of full performance. Martin v. Modern Woodmen, 158 Mo. App. 468; Nichols v. Ins. Co., 170 Mo. App. 437; Andrus v.

Ins. Assn. Co., 168 Mo. 151. This is especially true in cases originating in the justice's court. Coscarella v. Ins. Co., 175 Mo. App. 130; Conn. Co. v. Orr, 150 Mo. App. 705. Any statement of a cause of action begun before a justice of the peace is sufficient if it apprises the opposite party of the nature of the action and is sufficient to bar another action. Dalton v. United Railways Co., 134 Mo. App. 392; Telephone Co. v. Hope, 139 Mo. App. 282. On a trial *de novo* in the circuit court the rule is the same. Shearman v. Rockwood, 26 Mo. App. 403; Ray v. Railroad, 25 Mo. App. 104. A demurrer is not known in justice court pleadings and is not the proper manner to test the sufficiency of a pleading in a case originating before a justice of the peace. Conn. Co. v. Orr, 150 Mo. App. 707, 708. The Statute of Limitations is an affirmative defense and is properly taken advantage of by answer in cases originating in the circuit court. Smith v. Dean, 19 Mo. 63; Johnston v. Ragan, 265 Mo. 447; Whiteside v. Magruder, 75 Mo. App. 364; Elsea v. Pryor, 87 Mo. App. 157. If the pleader in cases thus originating seeks by his demurrer to take advantage of the Statute of Limitations he must plead the very provision on which he depends. Knisely v. Leathe, 256 Mo. 359. Matters avoiding the bar of the Statute of Limitations should be pleaded in the reply and not in the petition. Shearlock v. Ins. Co., 182 S. W. 89. (2) The policies sued on were payable twenty-four hours after acceptance of satisfactory proofs of death. This acceptance was a condition precedent to liability and no action could be maintained until the condition was complied with or waived. Burnham v. Ins. Co., 75 Mo. App. 399; Leigh v. Ins. Co., 37 Mo. App. 59; Sims v. Ins. Co., 47 Mo. 59; Exchange Bank v. Ins. Co., 109 Mo. App. 658; Burgess v. Ins. Co., 114 Mo. App. 179; Queen of Ark. Ins. Co. v. Laster, 156 S. W. (Ark.) 848; Da Rin v. Casualty Co., 108 Pac. (Mont.) 649; American Central Ins. Co. v. Western Ins. Co., 148 Fed. 77; Metropolitan Life Ins. Co. v. Wagner, 109 S. W. (Tex. Civ. App.)

1120; 25 Cyc. 95; 1 Corp. Jur. 976. (3) The policies sued on stipulate that no action shall be maintainable until after the filing and acceptance of proofs of death. Hence the Statute of Limitations could not begin to run until February 1904, when the proofs were filed and accepted. Leigh v. Ins. Co., 37 Mo. App. 542; Murphy v. North British & Mercantile Co., 61 Mo. App. 323; McNees v. Ins. Co., 61 Mo. App. 335; Kauz v. Imp. Order Red Men, 13 Mo. App. 341; Maddox v. Ins. Co., 56 Mo. App. 343; Clanton v. Travelers Protective Assn., 101 Mo. App. 322; Porter v. Ins. Co., 62 Mo. App. 520; Am. Nat'l. Bk. v. Gillimore, 166 S. W. (Tex. Cir. App.) 17; Railway Passenger, Etc., Ass'n. v. Loomis, 142 Ill. 560; Spratley v. Ins. Co., 11 Bush. 43; Minnehaha v. Boyce, 138 N. W. 287; Larue v. Kershaw, Etc., Co., 59 So. 155; Gray v. Givens, 26 Mo. 291; Stark Bros. Co. v. Gooding, 175 Mo. App. 354; Rabsuhl v. Lack, 35 Mo. 316; State ex rel. v. Peacock, 45 Mo. 263; Osborne v. Hopkins, 160 Cal. 501; Re Hamlin, 133 Wis. 140; Pitman v. Ball, 140 Mo. App. 395; Staninger v. Tabor, 103 Ill. App. 330; Ganser v. Ganser, 83 Minn. 199; Brown v. Silver, 2 Neb. 164; Cary v. Koener, 200 N. Y. 253; Behlmer v. Grand Lodge, 100 Minn. 305; Purcell v. Land Title Co., 94 Mo. App. 5; Stewart v. National Council, 147 N. W. (Minn.) 651; Bold v. Buchanan, 176 Mo. App. 60; 1 Corp. Jur. 945; 25 Cyc. 1065, 1066; 2 Bacon (3 Ed.), sec. 446; Cooley's Briefs, pp. 3963 and 3972. (4) The Statute of Limitations is a part of the policy as much so as if written therein, and like policy stipulations can be waived. Shearlock v. Ins. Co., 182 S. W. 89; McLeod v. Ins. Co., 190 Mo. App. 653; Chandler v. Ins. Co., 180 Mo. App. 394; Nicholas v. Ins. Co., 101 N. W. 118; 2 May on Ins. (4 Ed.), sec. 464; Lewis v. Ins. Co., 52 Me. 492; 4 Cooley Briefs Ins., pp. 3477, 3532 (cases cited). The Statute of Limitations is waived, though legally barred, by the insurer denying liability on other grounds. 2 Bacon Benefit Soc. (3 Ed.), sec. 445; 3 Cooley's Briefs on Ins., p. 2680; 4 Cooley's Briefs on Ins., pp. 3989, 3993 (cases

cited); 2 May on Ins. (4 Ed.), sec. 488; Vance on Ins. p. 510. Such waiver may occur after the cause of action is barred and need not be based upon a new agreement nor combine the elements of an estoppel. Dezell v. Ins. Co., 176 Mo. 253; Hamilton v. Railroad, 80 Mo. App. 601; Crenshaw v. Ins. Co., 71 Mo. App. 48; Fink v. Ins. Co., 66 Mo. App. 513; Fink v. Ins. Co., 60 Mo. App. 678; Stiepel v. Ins. Co., 55 Mo. App. 224; Equitable Life Society v. Mining, 58 Fed. 541; Prentice v. Ins. Co., 77 N. Y. 489; Ins. Co. v. Dierks, 43 Neb. 475; Ins. Co. v. Clark, 59 S. W. (Ky.) 863; Ins. Co. v. Monroe, 101 Ky. 12; Ins. Co. v. Allis Co., 11 Colo. App. 264; Union Casualty & Surety Co. v. Mondy, 18 Colo. App. 395; Johnson v. Ins. Co., 1 N. D. 167; Ins. Co. v. Kukral, 7 Ohio Cir. Ct. R. 356. The defendant is estopped from setting up the defense founded upon the Statute of Limitations, for it was aware of that defense in 1911, when it led the plaintiff into the trouble and expense of instituting this action in the belief that defendant's sole defense was that the insured was not dead. Shearlock v. Ins. Co., 182 S. W. 89; McCollum v. Ins. Co., 61 Mo. App. 352; Bowen v. Ins. Co., 69 Mo. App. 277, 278; Dolan v. Ins. Co., 88 Mo. App. 666; Oehler v. Ins. Co., 159 Mo. App. 707, 708; Pace v. Ins. Co., 173 Mo App. 485; Keys v. K. & L. of Security, 174 Mo. App. 671; 2 Bacon Benefit Soc. (3 Ed.), sec. 435 (cases cited); 3 Cooley's Briefs on Ins., pp. 2733, 2739 (cases cited); 2 May on Ins. (4 Ed.), sec. 488, p. 1157; Antes v. Assurance Co., 84 Iowa, 355; Appleton v. British A. Ass'n. Co., 46 Wis. 33; Smith v. Ins. Co., 3 Dak. 80, Consineau v. Ins. Co., 15 Ont. R. 329; Bates v. German Commercial Acc. Co. (Vt. S. C.), 88 Atl. 532. The Statute of Limitations does not extinguish the debt, but simply withholds the remedy. Miller v. Miller, 169 Mo. App. 432. The remedy can no longer be withheld when the bar of the statute is lifted in the manner prescribed in sections 1909, 1911, R. S. 1909, or by estoppel, waiver or in any other manner recognized in law. Shearlock v. Ins. Co., 182 S. W. 89. (5) The im-

proper acts of defendant prevented the commencement of the action until 1911. Hence the Statute of Limitations could not begin running until that time under section 1905, Revised Statutes 1909. Smith, Adm'r, Etc., v. Newby, 13 Mo. 159; Nelson v. Beveridge, 21 Mo. 22; Foley v. Jones, 52 Mo. 64; Wells v. Halpin, 59 Mo. 92.

*Fordyce, Holliday & White* for respondent.

(1) .The general objection to the introduction of evidence should be sustained when the plaintiff shows by his pleadings that his demand is barred by the Statute of Limitations, and if the plaintiff is relying upon any exception to take the case out of the statute, the exception should be pleaded. Burrus v. Cook, 215 Mo. 504; Canada v. Daniel, 175 Mo. App. 68. (2) The plaintiff's petition in this case shows on its face that her claim was barred by the Statute of Limitations, since it showed that the insured had died more than ten years before the suit was filed. Kauz v. Great Council, 13 Mo. App. 341, at page 344; Boyd v. Buchanan, 176 Mo. App. 56; 25 Cyc, 1198; Revised Statutes 1909, sec. 1888. (3) Plaintiff's amended petition nowhere stated that the plaintiff was or had been a married woman during all the times mentioned in the petition, nor did counsel offer to make any such amendment at the trial. Therefore, that fact was not before the trial court for consideration and cannot be considered here. Burrus v. Cook, 215 Mo. 496; Section 2081 R. S. 1909. (4) The facts pleaded by the plaintiff in the amended petition were not sufficient to bring the case within any of the exceptions to the Statute of Limitations. R. S. 1909, section 1909; Wells v. Hargrave, 117 Mo. 563; Monroe v. Harrington, 110 Mo. App. 512; Petty v. Tucker, 166 Mo. App. 107.

ALLEN, J.—This is an action upon three "industrial policies" of insurance. The suit was instituted, on September 19, 1911, before a justice of the peace;

where plaintiff prevailed. Defendant appealed to the circuit court, and when the cause came on for trial there, defendant's counsel objected "to the introduction of any evidence under the petition on the ground that it shows on its face that the claim is barred by the Statute of Limitations." The court sustained this objection. Plaintiff's counsel then sought to make an offer of proof, but the court declined to permit him to do so; and after a spirited colloquy between the court and plaintiff's counsel, plaintiff took an involuntary nonsuit, with leave to move to set the same aside. And after an unsuccessful motion to set aside the nonsuit, plaintiff duly perfected her appeal to this court.

The petition, or statement of plaintiff's alleged causes of action, is in three counts, each predicated upon one of the three policies sued upon. From the allegations thereof it appears that the three policies were issued by defendant in the city of St. Louis, one on April 8, 1895, another on July 8, 1895, and the third on April 5, 1897, insuring the life of one David Cahill, the brother of plaintiff; and that plaintiff sues upon the policies as being within the "facility of payment" clause contained in each thereof, alleging also that it was agreed by and between her and the defendant and the insured that the insurance would be payable to her.

In each count it is averred that David Cahill, the insured, died on or about the sixth day of June, 1899, leaving no wife or child surviving him and no estate on which to administer.

In each count it is further averred that, at the time of the death of the insured, he had duly performed all conditions in the policy by him to be performed; that within a few weeks after his death plaintiff notified defendant thereof, but that defendant failed and neglected to furnish blanks on which to make proofs of death until the year 1904; that on or about January 8, 1904, plaintiff duly furnished defendant with proofs

of death and surrendered to defendant the policy of insurance sued upon in each count, and the receipt book showing the payment of premiums thereon, upon defendant's promise that each policy would be paid immediately; but that payment was not made, and that the policy and receipt book were not returned until October, 1911.

It is further alleged 'in each count that about the month of June, 1907, and again during the months of July and August, 1907, defendant disclaimed all liability under the policy sued upon, upon the sole ground that the insured was not dead, whereby, it is alleged, defendant waived the delay in filing proofs of death, and likewise waived all limitations as to the time within which suit might be brought on the policy; and that until June, 1907, defendant had led plaintiff to believe that it would pay the policy, and from time to time promised to do so.

The prayer of the first count is for judgment for $98, with interest, and for ten per cent thereof as damages and an attorney's fee of $25 as for vexatious refusal of defendant to pay the amount of the policy. Such is likewise the prayer of the second count. The prayer of the third count is for $168, with interest, with ten per cent thereof as damages and an attorney's fee of $25 as for vexatious refusal to pay.

Evidently the trial court sustained defendant's objection to the introduction of any evidence upon the theory that plaintiff's petition, or statement, shows upon its face that the demand was barred by the general Statute of Limitations applicable, and that if plaintiff was relying upon some exception or exceptions such as would operate to relieve against the bar of the statute, it was plaintiff's duty to plead such exception or exceptions. Plaintiff (appellant here) asserts that her proof, had it been received, would have shown an exception or exceptions such as would have operated to prevent the bar of the statute—for one thing that plaintiff is a married woman, though this

was not pleaded. And appellant further contends that the petition or statement does plead facts sufficient, if true, to relieve against the bar of the statute.

It is quite true that the rule now established in this State is that the Statute of Limitations can be invoked by means of a special demurrer, where the petition, on its face, discloses that the action is barred, and nothing is pleaded as an exception relieving against the bar of the general statute; that if the cause of action is such that the bar of the general statute may be obviated by some exception thereto, plaintiff must plead the facts bringing the case within such exception. [See Burrus v. Cook, 215 Mo. 496, 114 S. W. 1065; Garth v. Mottor, 248 Mo. 1. c. 482, 154 S. W. 733.] Whatever uncertainty as to this may have existed by reason of some of the earlier decisions of our Supreme Court is removed by the decision in Burrus v. Cook, supra. But in applying this doctrine the trial court must, we think, have overlooked the fact that the suit was one instituted before a justice of the peace, where the technical rules of pleading do not prevail. Our statute, namely, section 7412, Revised Statutes 1909, provides that "no formal pleadings on the part of either plaintiffs or defendants shall be required in a justice's court." etc. This statute has time and again been considered and applied by our courts, and it has uniformly been held that technical rules of pleading are wholly inapplicable to a statement of a cause of action before a justice of the peace. [See Connelly v. Parrish, 189 Mo. App. 1, 176 S. W. 546; Dalton v. United Rys. Co., 134 Mo. App. 392, 114 S. W. 561.] Numerous authorities might be cited in this connection, but to do so would be entirely useless. It has been repeatedly said that a very liberal rule is to be applied when testing the sufficiency of a statement filed before a justice of the peace; and that any statement is sufficient if it seems to reasonably apprise the opposite party of the nature of the claim asserted against him, and is sufficiently specific

and definite to bar another action on the same demand. [See Connelly v. Parrish, supra, l. c. 4; Dalton v. Railways Co., supra, l. c. 395; Rundleman v. Boiler Works Co., 178 Mo. App. 642, 161 S. W. 609; and authorities to which these cases refer.]

In Connelly v. Parrish, supra, it is said:

"Justices' courts are popular tribunals before which ordinary disputes can be adjusted without the aid of attorneys. And it would defeat the end of their organization if the rules of practice and pleading found necessary in courts of record were applied to their proceedings."

In Van Cleave v. St. Louis, 159 Mo. l. c. 579, 60 S. W. 1091, it is said:

"In favor of that popular tribunal which has been characterized as 'the people's court,' where those unacquainted with the technical rules and forms of pleading may and do go, without counsel, to settle and adjust their differences, this court has ever held that the requirements of the statute have been made and fulfilled, when the statement filed with the justice, however informal and awkward in expression, was sufficient to reasonably advise the opposite party of the nature of his or her claim, and sufficiently specific to be a bar to another cause of action, with the further qualifications suggested in some of our cases, as to the first test, that resort may be had to reasonable implication to support the statement."

Granting that plaintiff's statement of her cause of action shows that the general Statute of Limitations had run against her claim unless she could establish facts showing some exception operating to relieve against the bar thereof, is it necessary for her to plead such exception in order that the statement be sufficient as a pleading in a cause originating before a justice of the peace? We think not. The statement on file fully advises the defendant of the nature of the claim asserted against it, and is sufficiently specific to bar another action on the same demand.

Nor do we think that it can be said that it wholly fails to state a cause of action, when measured by the standard by which it must be here tested, because of the fact, if true, that it shows that the general Statue of Limitations has run against the cause of action unless there is some exception thereto within which the case may fall when the evidence is adduced. The statement does not conclusively show that the cause of action is barred by the Statute of Limitations. As said in Burrus v. Cook, supra, there are many exceptions which will relieve against the bar of the statute; and it would seem to be contrary to the entire spirit of our law respecting proceedings before justices of the peace to hold that a plaintiff is bound to observe a technical rule of pleading requiring one or more of such exceptions to be pleaded, in order that the statement may be sufficient in law. As suggested, there was at one time some uncertainty, at least, as to the rule in this State on the subject, and it is not followed in some of the States. It appears not to have been the original common-law rule, but that which prevailed in equity and which was generally adopted in the Code States. [See 25 Cyc, 1394, 1395.] A layman instituting his own action before a justice of the peace could not be expected to know of the existence of the rule of pleading invoked and relied upon by respondent. Nor do we think that the law contemplates that he is to be held to be precluded from showing that his case is within an exception to the statute by failing to observe such rule.

There appears to be a wide distinction between a case, such as this, where the statute involved is presumably the general Statute of Limitations, and one where the statement shows upon its face that the action is barred by a *special* Statute of Limitations governing it, which is absolute and without exception. But whether a defendant could invoke such a statute in the precise manner in which defendant here attempted

to invoke the general statute, we do not decide. [Revelle v. St. Louis, I. M. & S. Ry. Co., 74 Mo. 438.]

It is suggested by appellant's counsel that the objection interposed by defendant, and which the court sustained, was one in the nature of a demurrer; and that a demurrer is a thing unknown in proceedings in cases instituted before a justice of the peace. And it is further suggested that if a defendant be permitted to take advantage of the statute in this manner, where the action originated before a justice of the peace, then he should be required to specify the particular statute upon which he relies, as he would if demurring in an action begun in the circuit court. [Knisely v. Leathe, 256 Mo. l. c. 359, 166 S. W. 257.] But we need not here give consideration to these suggestions. We are of the opinion that plaintiff filed a sufficient statement of her cause of action, invulnerable to the attack made upon it; that she is privileged to adduce proof at the trial, if she can, going to show the existence of some such exception or exceptions as will relieve against the bar of the Statute of Limitations; and that, on the other hand, if defendant wishes to raise the point in question it must do so by either pleading the statute upon which it relies or by invoking the same in some appropriate manner at the trial.

For the reasons indicated, we rule that the trial court erred in sustaining defendant's objection and thereby forcing plaitiff to a nonsuit. And it becomes unnecessary to discuss other questions adverted to in the briefs.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Thompson, J.,* concur.

## ON MOTION FOR REHEARING.

ALLEN, J.—Respondent insists that in our opinion filed herein we inadvertently overlooked the fact "that the petition before the court for consideration in this case is not a statement filed in the justice court

but an amended petition filed in the circuit court after appeal from the justice court."

It is true that the statement or petition which we had under consideration was not the original statement filed before the justice of the peace, but was an "amended petition" filed by plaintiff after the case reached the circuit court. We did not overlook this, but deemed it unnecessary to state that where an action originates before a justice of the peace, and is appealed to the circuit court, the sufficiency of an amended statement or petition in the circuit court is to be determined by the requirements of the law applicable to statements filed before justices of the peace. [See Conn Company v. Orr, et al., 150 Mo. App. 705, 131 S. W. 765.] When a case is appealed from a justice of the peace to the circuit court the general rules of practice in the latter court govern, but not the rules of pleading applicable to causes originating therein. [See Wendleton v. Kingery, 110 Mo. App. 67, 84 S. W. 102.] As to matters of pleading the case remains one wherein no formal pleadings are required, and the rule is not altered by the fact that an amended statement is filed in the circuit court.

With the concurrence of the other judges, the motion for a rehearing is overruled.