[L. A. No. 6477.   In Bank.—March 28, 1921.]

JOHN S. MOON et al., Appellants, v. ALBERT G. MAR-
TIN et al., Respondents.

[1] Partnership—Transaction of Business Under Fictitious Name
    —Foreign Partnership Engaged in Interstate Commerce—In-
    applicability of Code.—The provision of section 2466 of the
    Civil Code requiring every partnership doing business in this state
    under a name or designation not showing the names of the part-
    ners to file with the county clerk a certificate stating the names
    and residences of the members of the partnership has no ap-
    plication to persons in another state who send orders by mail
    from that state to persons in this state for the shipment of goods
    to them.    The section applies only to partnerships having a local
    habitation or a principal place of business in this state.

[2] Id.—Violation of Interstate Commerce.—Such provision, if ap-
    plied to persons whose place of business is not in this state, would

be void as to the business done as above stated and constituting interstate commerce.

[3] COURTS—CONSTRUCTION OF FEDERAL CONSTITUTION—DECISIONS OF UNITED STATES SUPREME COURT CONTROLLING.—The state courts are bound by the decision of the supreme court of the United States on questions depending upon the construction of the constitution of the United States.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

George E. Farrand and Leonard B. Slosson for Appellants.

Ben F. Gray for Respondents.

SHAW, J.—The object of this action was to recover damages on account of the failure and refusal of the defendants to deliver to plaintiffs two carloads of beans, in the performance of an agreement for the sale and delivery thereof by the defendants to the plaintiffs.

The plaintiffs were partners doing business under the firm name of Moon-Taylor Company. They carried on their business in the city of Lynchburg, in the state of Virginia. The contracts for the sale of the two carloads of beans aforesaid were made in the month of May, 1916, by letters and telegrams through the mail and over the wires, passing between the plaintiffs in Lynchburg, Virginia, and the defendants in Los Angeles, California. The plaintiffs had no place of business in California, and so far as appears from the evidence they did not carry on any business here with any other persons except the defendants, and that business consisted of occasionally buying beans from them in carload lots, to be shipped from California to Lynchburg, Virginia. This had been going on for about eighteen months prior to May, 1916. The business was all conducted by correspondence. None of the plaintiffs ever personally appeared in California except that at one time one of them, happening to be in California, bought one carload, not, however, either of the carloads in question here.

The defendants admitted the making of the contract, but denied that the damages for the refusal to perform it were equal to the amount demanded in the complaint. As a further defense they alleged that the plaintiffs were copartners and were doing business under the firm name of Moon-Taylor Company in the state of California at all the times involved in this action, and that they had not, nor had anyone for them, ever filed with the clerk of any county in the state a certificate stating the names in full of all the members of the partnership; nor had they, or anyone for them, published such certificate at any time in any newspaper in any county in the state, as required by section 2466 of the Civil Code.

The court below found that these allegations of the answer relating to the filing of the certificate were true and that said name, "Moon-Taylor Company," is fictitious and does not disclose the names of the persons interested as partners in the business; that the plaintiffs had carried on the business of buying beans and other commodities in wholesale lots in the state of California under said partnership name for more than a year prior to May, 1916, such commodities so bought to be delivered to them on board cars in the state of California. Thereupon judgment was given and entered for the defendants, from which the plaintiffs appeal.

[1] We are of the opinion that the provisions of sections 2466 to 2472, inclusive, of the Civil Code, do not apply to persons carrying on business in the manner disclosed by the evidence in this case. The plaintiffs had no place of business in this state. They did not come here to do any business. The transactions in question were carried on by correspondence as above stated. The business simply consisted of orders, sent by mail or telegram to the defendants and accepted by them, for the shipment of beans to be delivered to plaintiffs on the railroad somewhere in California for shipment to them at Lynchburg. We think this does not come within the scope of section 2466. That section provides that "every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county in which his or its principal place of business is situated, a certificate, stating" the names in full of all the members of the partner-

ship and their places of residence. The certificate must also be published in a newspaper, if there be one in the county, and, if not, then in a newspaper in an adjoining county. This language clearly implies that the partnership so transacting business and required to make the certificate is a partnership having a place of business in some county in the state. Otherwise there would be no significance in the requirement that the certificate must be filed with the clerk of the county in which "its principal place of business is situated." We cannot conceive that it was intended to apply to persons who, being engaged in interstate commerce in a distant state, send orders by mail from that state to persons in this state for the shipment of goods to them at stated prices. It is true that in a certain sense the business is transacted in this state, it being held, as a matter of law, that the person so sending the letter thereby makes the mail carrier his agent to deliver the letter to the addressee. Also when he directs goods bought by him to be delivered for him on board cars in California, he makes the carrier his agent to transport the goods from California to his home place of business, and in such cases and in some kinds of actions it is frequently held that the contracts are made in this state. It has also been held that the making of a contract is a business transaction and constitutes, in some instances and for some purposes, a doing of business, or, as section 2466 puts it, "transacting business." But all this can take place without the persons concerned having a place of business in the ordinary sense of the word in the state or in the county where the transaction occurs. We know of no decisions upon this point with respect to partnerships, but it has frequently been decided with respect to corporations that the purchase of property in one state by a corporation having its place of business in another state, to be shipped to the place of its domicile from the state in which it is purchased, does not constitute doing business in the latter state. (*Jameson* v. *Simonds Saw Co.*, 2 Cal. App. 582, [84 Pac. 289]; *Commonwealth* v. *Standard Oil Co.*, 101 Pa. St. 148; *Parson etc. Co.* v. *Stuart*, 182 Fed. 779, [105 C. C. A. 211]; *Groneweg* v. *Estes*, 139 Mo. App. 36, [119 S. W. 513]; *Dover L. Co.* v. *Whitcomb*, 54 Mont. 141, [168 Pac. 947].) We are unable to perceive any distinction between a corporation and a partnership with respect to this

question. If the corporation is not doing business when it makes a sale in this manner without entering the state for any purpose except through the mails, clearly a partnership is not doing so. The language of section 2466, as we have stated, clearly implies that it was intended to apply only to partnerships having "a local habitation" or a "principal place of business" situated in this state.

It was decided by the supreme court of the United States in *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197, [59 L. Ed. 193, 35 Sup. Ct. Rep. 57, see, also, Rose's U. S. Notes], that a provision of the laws of South Dakota requiring all corporations of other states transacting business within the state to file in the office of the Secretary of State a copy of its articles of incorporation, and providing that no action should be commenced or maintained in any court of the state by such corporation on any contract or transaction made in the state by such corporation unless it should have filed said articles with the Secretary of State and should have appointed a resident agent upon whom process could be served, and filed a copy of said appointment in the office of the Secretary of State and in the recorder's office in the county where the agent resided, was an illegal restriction upon interstate commerce which the state had no power to make. The court said that a state has power to make reasonable police regulations for the government of foreign corporations doing business in the state, calculated to protect and promote the health, safety, morals, and welfare of its people, and thereupon it proceeded to say: "We think that when a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and that the state cannot, consistently with the limitation arising from the commerce clause, obstruct or hamper the attainment of that purpose." Thereupon it held that the provisions we have stated, making the maintenance of an action in the state conditional upon the filing of the articles of incorporation and appointment of an agent as aforesaid, were invalid and void so far as actions to enforce contracts made in interstate commerce are concerned.
[2] If such conditions are an unreasonable burden on interstate commerce carried on by a corporation, they would be

equally so where the interstate commerce was carried on by a partnership. This subject is one for consideration and decision of the courts of the United States. **[3]** We are not concerned to consider whether the decision is or is not correct, for the state courts are bound by the decision of the supreme court of the United States on questions depending upon the construction of the United States constitution. Under the principle of this decision, the plaintiffs could maintain this action without filing or publishing a certificate, even if our code should declare that they could not do so.

It follows that the court below erred in holding that the plaintiffs could not maintain the action under the circumstances stated.

The judgment is reversed.

Olney, J., Wilbur, J., Lennon, J., Sloane, J., Lawlor, J., and Angellotti, C. J., concurred.