[S. F. No. 6523. In Bank.—January 18, 1923.]

## CHARLTON SILK COMPANY, Appellant, v. JOHN R. JONES, Special Administrator, etc., Respondents.

[1] INTERSTATE COMMERCE — FOREIGN CORPORATION — RECOVERY OF PRICE OF GOODS—CODE PROVISIONS INAPPLICABLE.—A shipment of goods from another state by a manufacturing company having its principal place of business therein to customers in this state upon orders obtained herein by its traveling salesman is business done in interstate commerce, and the provisions of section 405 et seq. of the Civil Code prior to their repeal (Stats. 1917, p. 381) were not applicable to an action to recover the purchase price, because the right to collect the proceeds of interstate commerce is incidental thereto and cannot be prevented by state legislation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Reversed.

The facts are stated in the opinion of the court.

Nowlin, Fassett & Little and Ernest K. Little for Appellant.

C. M. Jennings for Respondents.

Henry G. W. Dinkelspiel, John R. Jones, William T. Craig, John E. Carson and W. P. Smith, *Amici Curiae.*

WILBUR, C. J.—This is an action to recover the purchase price of goods, wares and merchandise. The action was begun June 27, 1910, before the enactment of the Statutes of 1917 (Stats. 1917, p. 381) repealing sections 405, 406, 408, 409 and 410 of the Civil Code. The court found that the plaintiff's principal place of business was the city of Chicago, state of Illinois, where it was engaged in the manufacture and sale of dry-goods at wholesale.

"That the plaintiff sent out traveling salesmen to California and said traveling salesmen solicited and received orders for merchandise and sent said orders to the plaintiff in Chicago, and the goods so ordered were then shipped by the plaintiff to its customers in California."

[1] This finding establishes the fact that the business done was in interstate commerce and that, therefore, the provisions of sections 405 et seq., Civil Code, do not apply because the right to collect the proceeds of interstate commerce was incidental thereto and cannot be prevented by state legislation (*Sioux Remedy Co.* v. *Cope,* 235 U. S. 197 [59 L. Ed. 193, 35 Sup. Ct. Rep. 57, see, also, Rose's U. S. Notes] ; *W. W. Kimball Co.* v. *Read,* 43 Cal. App. 342 [185 Pac. 192] ; *Moon* v. *Martin,* 185 Cal. 361).

Judgment reversed.

Lawlor, J., Kerrigan, J., Seawell, J., Myers, J., and Waste, J., concurred.