[Civ. No. 6379. First Appellate District, Division Two.—November 21, 1928.]

R. A. SMITH, Respondent, v. L. PITTLER, Appellant.

John H. Crabbe for Appellant.

William Klein for Respondent.

KOFORD, P. J.— ■ Plaintiff recovered a money judgment against defendant upon two assigned claims. One claim of $960 was for the purchase by defendant while in New York from Anton D. Dimou & Co. of a quantity of raw furs and the other claim of $124.25 was for the cost of matching and sewing said furs by Albanos Co., also of New York. When the purchased furs arrived in San Francisco by express the defendant refused to accept them, claiming that they arrived later than agreed upon. In addition to this claim she now claims the contract was within the statute of frauds. This appeal on these points resolves itself into a question of fact as to whether the sale and delivery of the furs was complete in New York. The plaintiff's several witnesses testified that defendant visited the place of business of Anton D. Dimou & Co., where she selected and purchased the furs upon sixty days' credit; that she ordered the furs taken to the shop of Albanos Co. for finishing; that she accompanied the furs to the latter place, gave directions there for finishing and shipment to San Francisco. In other words, that she purchased the furs outright from the first merchant, received delivery of them, and then made her own separate contract with the second merchant for the finishing and shipment of the furs. This is the version of

the transaction which the court accepted in making its findings and decision in favor of plaintiff. Defendant's testimony is in direct conflict with this version of the transaction, but the record fails to show that the trial court did not decide this issue of fact in accordance with the weight of the evidence. ■ Delivery and purchase being complete in New York, the above-mentioned points on appeal furnish no warrant in law for defendant to refuse delivery of or payment for the furs.

■ Defendant's version of the transaction is set out in her answer. Her answer denies the allegation of the complaint that said Anton D. Dimou & Co., Inc., on the sixteenth day of October, 1925, sold and delivered to defendant merchandise for the agreed price of $960, terms sixty days. This denial is immediately followed by the following allegation:

"In that regard defendant alleges that on or about the 16th day of October, 1925, said Anton D. Dimou & Co., Inc., plaintiff's assignor, sold to defendant herein in New York certain Baum Martin dressed skins to be by them made up for the agreed price of $1040.00, terms eighty dollars on receipt of goods in San Francisco, the balance in sixty days, said goods to be delivered in San Francisco not later than November 1, 1925; that said goods were purchased for the Christmas Season of 1925; that said goods did not arrive at San Francisco until December, 1925, too late for the said season's sale; that plaintiff on or about November 13, 1925, notified the said Anton D. Dimou & Co., Inc., that owing to the fact that the goods were not received, she would not be able to use them, and that the order was cancelled."

The only evidence offered of any attempted cancellation on November 13th was defendant's letter on that date to Albanos Co. There was none written to Anton D. Dimou & Co. before December 7th. The furs had been shipped by express by Albanos Co. on December 1st, to defendant at San Francisco. Regardless of dates, appellant could not cancel her purchase from Anton D. Dimou & Co., Inc., after a complete sale and delivery in New York, even if Albanos Co. was too slow in performing its agreement to finish the furs. In making its findings of fact, the court followed the allegations of the complaint and ignored the above-quoted allegation of the answer. This is assigned as error. This

allegation was sufficiently covered by the findings on the first cause of action which on this point, omitting unnecessary words, were "that on the 16th of October, Anton D. Dimou & Co. sold and delivered to defendant merchandise for the agreed price of $960, terms 60 days," and on the second cause of action, in substance, "that in the month of November, 1925, Albanos Co. performed work, labor and services and furnished materials to defendant at her special instance and request—reasonable value $124.25." The allegation in the answer, although in the form of an affirmative allegation, is really nothing more than a denial of the contract as alleged in the complaint, specifying that a different contract was made, so different that the two could not both be true. Such an allegation may be treated in the findings as a traverse and does not constitute an allegation of new matter. (*Goddard* v. *Fulton,* 21 Cal. 430; *Kendrick* v. *Gould,* 51 Cal. App. 712 [197 Pac. 681].)

■ If Albanos Co. was a partnership doing business under a fictitious name, plaintiff as its assignee was still entitled to maintain this action in California. The provisions of Civil Code, section 2468, prohibiting partnerships transacting business in this state under a fictitious name from maintaining an action, do not apply to a partnership not transacting business in this state. (*Moon* v. *Martin,* 185 Cal. 361, 363 [197 Pac. 77]; *Haun* v. *Rosenmayer,* 46 Cal. App. 353 [189 Pac. 117].)

■ The proof of assignment of the claim of Albanos Co. to Anton D. Dimou & Co. is sufficient. Besides the written and acknowledged assignment there is the testimony of Theo. Albanos to the assignment. Defendant had transacted business for seven years with Theo. Albanos, acting for Albanos Co., including the transaction sued upon in the second cause of action herein. If there are any technical defects in the execution of the written assignment the testimony of Theo. Albanos that the document was delivered as the assignment of the claim of Albanos Co. would be sufficient. (3 Cal. Jur., Assignments, secs. 20, 21.) ■ The reassignment of the Albanos Co. claim from Anton D. Dimou & Co. to the plaintiff is free from all criticism as to form. Only the authority of the president to execute it is questioned. This assignment is executed in writing in the name of the corporation, by its president, and under the

seal of the corporation properly acknowledged and proved. This is sufficient without proof of a formal resolution authorizing the president to execute the assignment. (*Greig* v. *Riordan*, 99 Cal. 316 [33 Pac. 913].)

█ The court properly found the corporate existence of Anton D. Dimou & Co. without its charter being offered in evidence. Defendant contracted with the company as a corporation, addressed letters to it as a corporation and in her answer alleged special terms of the contract made with that company as a corporation. Having made the contract with the corporation, she cannot deny its corporate capacity when it undertakes to sue on that contract. (*Fresno Canal etc. Co.* v. *Warner*, 72 Cal. 379 [14 Pac. 37]; *J. I. Case T. M. Co.* v. *Copren Bros.*, 45 Cal. App. 159 [187 Pac. 772]; *Curtin* v. *Salomon*, 80 Cal. App. 470 [251 Pac. 237].)

The judgment appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 20, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1929.

All the Justices concurred.