**TRAID CORPORATION, Appellant**

v.

**VICENTE C. MENDIOLA, Appellee**

Civil No. 75-A

District Court of Guam

Appellate Division

April 9, 1973

Before PECKHAM, PEREZ, and TURNER, *Judges*

PEREZ, *Designated Judge*

OPINION

This is an appeal from an order of dismissal entered by the Island Court on the 30th of June 1972. In its order of dismissal the lower court found Traid Corporation to be a "foreign corporation transacting intrastate business and is doing business in this territory without a foreign corporation license and a Certificate of Registration as prescribed by the laws of Guam." From this order of dismissal, Traid

appeals to this court. We hold that the trial court erred in dismissing the action and we reverse.

In the court below, no testimony was taken and the question was decided on affidavits and arguments submitted by both parties.

From the record, it is clear that appellant did not procure any license to do business in Guam and likewise did not register as a foreign corporation with the License and Registration Branch of the Department of Revenue and Taxation.

The question presented to this court appears to be: "Whether or not the activities of appellant were wholly interstate, or were some of them intrastate." Defendant appellee claimed in its argument that appellant uses a permanent resident of Guam who maintains an office in Guam as a "representative"; that payments by customers are deposited in a local bank; that this representative contacts customers; that this is not an isolated transaction, but rather that such transactions are numerous and continuous; and that the contract binds appellee to three points of cooperation: 1) giving permission to use the name of appellee as a Fotron owner; 2) demonstrating the Fotron camera to any five persons outside of the immediate household; and 3) immediately providing the names of four persons to whom appellant's representatives might exhibit their camera.

In the case of *Charlton Silk Co. v. Jones*, 190 Cal. 341, 212 P. 203 (1923), the court held: "A foreign corporation has been deemed exempt from state filing requirements on the ground that it was engaged solely in interstate business, where it sent salesmen into the state to solicit and receive orders which were sent to its home office in another jurisdiction from where goods were shipped direct to customers in this state."

The fact that the "representative" in the instant case is

a permanent resident of Guam and the three points of cooperation are such insignificant differences from the above-cited case that we cannot consider them a sufficient basis for overruling the numerous cases following the precedent laid down in *Charlton Silk Co. v. Jones.*[1]

It is therefore ordered that the order of dismissal entered by the lower court on 30 June, 1972, in the above-entitled case is reversed and the case remanded to the lower court for further proceedings.

---

[1] Notwithstanding the contrary decision in *Trust Territory v. Traid Corporation*, 4 Trust Terr. Rpts. 300 (1969), Charlton Silk Co., interpreting the California Civil Code from which the Guam Code is taken, is formidable precedent as to the meaning of its language and the intent of the Guam legislators in adopting it.